968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vernon Maurice SCALES, Petitioner-Appellant,
v.
Gale A. NORTON; Henson; Solano (Salano) sic; Gunter;
Hennison, Respondents-Appellees.
 No. 92-1008.
 United States Court of Appeals, Tenth Circuit.
 June 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Vernon Maurice Scales is a state prisoner who challenged his state court conviction for first-degree sexual assault, raping a ninety-four year old woman. The district court denied relief finding no federal issues were raised before the state courts on direct appeal or before the district court in this habeas action.
 
 
 3
 Petitioner's pro se brief classifies the issues on appeal as: speedy trial violation, insufficient evidence to convict, and new trial argument. Because only federal constitutional errors can be addressed in a federal habeas challenge to a state court conviction, we treat these arguments as raising constitutional issues. We grant the application for certificate of probable cause in order to reach the merits of petitioner's claims.
 
 
 4
 From the record it is clear that these claims were primarily argued under state law theories in the state courts in the direct appeals. Nevertheless, contrary to the district court's finding, the insufficient evidence argument and the new trial argument were raised in a federal context in the state courts. See Opening Brief before the Colorado Court of Appeals at 12 (In connection with the new trial argument, defendant stated: "A criminal defendant has a constitutional right to a fair and impartial jury." (citing U.S. Const. amend. XIV)); Supplemental Opening Brief of Defendant-Appellant before Colorado Court of Appeals at 2 ("Due process requires that a jury finding of guilt be supported by evidence which is sufficient to support a conclusion by a reasonable mind that each and every element of the offense was proven beyond a reasonable doubt." (citing Jackson v. Virginia, 443 U.S. 307 (1979)); Petition for Writ of Certiorari to Colorado Supreme Court at 4, 11.
 
 
 5
 Concerning the insufficiency of the evidence argument, our duty as a federal court reviewing a state proceeding is simply to determine whether a reasonable jury could have convicted on the basis of the evidence presented. Jackson v. Virginia, 443 U.S. 307 (1979). We have reviewed petitioner's arguments and the transcript of the state trial, as well as the appellate opinions in the state court, and are satisfied that there was sufficient evidence to support petitioner's conviction.
 
 
 6
 Petitioner's contentions with respect to the denial of his motion for a new trial are somewhat unclear. Insofar as he argues that the evidence was insufficient to convict, his argument is disposed of by our record review applying the Jackson test. Insofar as he appears to be basing the argument on the state trial court's denial of a challenge for cause to "an extremely emotional juror," we see no prejudice to petitioner requiring a new trial. This argument, while briefly raised before the federal district court, was not explained or developed. From reading the earlier state court opinions and briefs it appears that the potential juror complained of was discharged pursuant to one of petitioner's peremptory challenges and therefore did not prejudice his trial. The loss of a peremptory challenge that might have been exercised elsewhere is not a constitutional error justifying overturning a state court conviction. Thus, we conclude that the sufficiency of the evidence and new trial arguments are without merit.
 
 
 7
 The speedy trial argument, as a federal issue, was not raised in the state courts. The state courts did consider and ultimately reject petitioner's state law speedy trial argument. Petitioner's failure to raise a federal speedy trial argument in the Colorado courts means, under our reading of Colorado law, that his argument is procedurally barred. See People v. Bastardo, 646 P.2d 382, 383 (Colo.1982) (en banc) (Claim for postconviction relief was dismissed "because the issues raised were available for review when the case was reviewed on the appeal.... Review at this time would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory."). Because we believe that under Colorado law petitioner's speedy trial claim would be procedurally barred if raised in a state court proceeding, there is procedural default for purposes of federal habeas corpus. See Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991). In the event of procedural default, we may review a federal claim only if petitioner shows both cause and prejudice. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991); Murray v. Carrier, 477 U.S. 478, 486-87 (1986). Petitioner has shown neither cause nor prejudice. Petitioner's allegations that the Colorado Public Defender's Office, and thus his counsel at trial and on his direct appeals, had a conflict of interest is wholly unsupported. Moreover, petitioner suffered no prejudice because we cannot perceive any constitutional speedy trial violation.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3