**Gretchen GETTER, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., Defendant–Appellee.**

No. 93–3210.

United States Court of Appeals, Tenth Circuit.

Sept. 21, 1995.

---

John R. Cleary (Karen J. Halbrook, of Husch & Eppenberger, Kansas City, MO, with him on the briefs), of Husch & Eppenberger, Kansas City, MO, for defendant-appellee.

David T. Greis (William H. Pickett, of William H. Pickett, P.C., Kansas City, MO, with him on the briefs), of William H. Pickett, P.C., Kansas City, MO, for plaintiff-appellant.

Before ANDERSON and TACHA, Circuit Judges, and CAMPOS,* Senior District Judge.

TACHA, Circuit Judge.

### Background

Plaintiff Gretchen Getter brought this diversity action alleging that she sustained personal injuries due to the negligence of defendant Wal–Mart Stores, Inc. Plaintiff alleges that she was injured when she slipped and fell in the vestibule of defendant's store in Atchison, Kansas on December 20, 1989. After a three-day trial, the jury returned a verdict for defendant. Plaintiff then moved for a new trial, and the district court denied the motion. Plaintiff now appeals to this court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiff contends that she is entitled to a new trial because the district court erred by (1) denying plaintiff's for-cause challenge to prospective juror John Agin, (2) excluding plaintiff's expert witness Keith Vidal, (3) admitting the lay opinion testimony of Emma Jean Bramble and Cynthia Gee, (4) allowing defendant to inquire into whether plaintiff had taken measures to prevent pregnancy, and (5) submitting Jury Instruction No. 11. Plaintiff also alleges that the cumulative effect of these errors unfairly prejudiced her

* The Honorable Santiago E. Campos, Senior District Judge, United States District Court for the District of New Mexico, sitting by designation.

and that the jury's verdict was against the weight of the evidence.

### Denial of For–Cause Challenge to Prospective Juror

■ "We review the district court's refusal to strike a juror for cause for an abuse of discretion, keeping in mind that 'the district court is in the best position to observe the juror and to make a first-hand evaluation of his ability to be fair.'" *Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1467 (10th Cir.1994) (citation omitted) (quoting *Wilson v. Johns[on]–Manville Sales Corp.*, 810 F.2d 1358, 1361 (5th Cir.), *cert. denied*, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987)). The district court must grant a challenge for cause, however, if a prospective juror shows actual prejudice or bias. *Id.* Actual bias can be shown either by the juror's own admission of bias or "by proof of specific facts which show the juror has such a close connection to the facts at trial that bias is presumed." *Id.*

In our recent *Vasey* decision, we noted that "courts have presumed bias in extraordinary situations where a prospective juror has had a *direct* financial interest in the trial's outcome." *Id.* at 1468. As examples of such extraordinary situations, we cited a case in which a prospective juror was a stockholder in or an employee of a corporation that was a party to the suit. *Id.* (citing *Gladhill v. General Motors Corp.*, 743 F.2d 1049 (4th Cir.1984); *Francone v. Southern Pac. Co.*, 145 F.2d 732 (5th Cir.1944)). "In these situations, the relationship between the prospective juror and a party to the lawsuit 'point[s] so sharply to bias in [the] particular juror' that even the juror's own assertions of impartiality must be discounted in ruling on a challenge for cause." *Id.* (quoting *United States v. Nell*, 526 F.2d 1223, 1229 n. 8 (5th Cir.1976)).

■ The challenged prospective juror in this case, John Agin, disclosed during voir dire that he owned stock in defendant corporation and that his wife was then employed by defendant. The district court questioned Mr. Agin regarding his ability to be a fair and impartial juror in light of his connections to defendant. Mr. Agin responded that he had no doubt that he could be fair and impar-

tial. When later questioned by plaintiff's counsel, Mr. Agin assured counsel that he could support a verdict against defendant if the evidence presented at trial warranted such a result. Nevertheless, when the district court refused to dismiss Mr. Agin for cause, plaintiff used a peremptory challenge to remove him from the jury.

Despite Mr. Agin's assurances of his impartiality, the district court abused its discretion by denying plaintiff's challenge for cause. Due to his stock ownership and his wife's employment, Mr. Agin's financial well-being was to some extent dependent upon defendant's. This is precisely the type of relationship that requires the district court to presume bias and dismiss the prospective juror for cause. *See Vasey*, 29 F.3d at 1460; *Gladhill*, 743 F.2d at 1050 ("'That a stockholder in a company which is [a] party to a lawsuit is incompetent to sit as a juror is so well settled as to be black letter law.'") (quoting *Chestnut v. Ford Motor Co.*, 445 F.2d 967, 971 (4th Cir.1971)).

Having concluded that the district court erred by refusing to grant plaintiff's for-cause challenge to prospective juror Agin, we next must determine whether this error warrants reversal. Plaintiff argues that an erroneous denial of a challenge for cause is reversible error because it forces the litigant to exercise a peremptory challenge. We note that some circuits consider the loss of a peremptory challenge per se reversible error. *See, e.g., United States v. Cambara*, 902 F.2d 144, 147 (1st Cir.1990) (stating that "restricting a defendant's use of the lawful number of peremptory challenges is reversible error if a challenge for cause is erroneously denied"); *United States v. Ruuska*, 883 F.2d 262, 268 (3d Cir.1989) ("[T]he denial or impairment of the right to peremptory challenges is reversible error *per se*.... [It] cannot be dismissed as harmless.") (citations omitted). In our view, however, recent Supreme Court decisions compel the application of harmless error analysis. *See Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80 (1988); *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553, 104 S.Ct. 845, 848, 78 L.Ed.2d 663 (1984). ("[C]ourts should ... ignore errors

that do not affect the essential fairness of the trial.").

■ In *Ross*, a state court capital punishment case, the trial court erroneously refused to dismiss a juror for cause. As a result, the defendant was forced to use a peremptory challenge to remove the juror. Stating that it had "long recognized that peremptory challenges are not of constitutional dimension," the Court rejected "the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury." *Ross*, 487 U.S. at 88, 108 S.Ct. at 2278. Thus, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*[1]

The *Ross* Court next examined whether the defendant's right to due process was violated by the juror selection process. Under state law, the defendant was required to use a peremptory challenge to cure the trial court's erroneous refusal to excuse a juror for cause in order to preserve the issue for appeal. *Id.* at 89, 108 S.Ct. at 2278–79. Noting that "peremptory challenges are a creature of statute and are not required by the Constitution," *id.*, the Court held that because the defendant "received all that [state] law allowed him, ... his due process challenge fail[ed]," *id.* at 91, 108 S.Ct. at 2279–80.

■ In the instant case, plaintiff received all the peremptory challenges allowed by statute. *See* 28 U.S.C. § 1870. Thus, applying *Ross*, plaintiff's right to due process was not violated. Because the district court's erroneous denial of plaintiff's for-cause challenge did not violate the Fifth Amendment or the Seventh Amendment, we must examine whether the district court's erroneous denial of plaintiff's for-cause juror challenge—regardless of its effect on plaintiff's peremptory challenges—was harmless error.

■ Because the error here is nonconstitutional, we determine whether it was harmless using the standard established in *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir.1990).[2] "A non-constitutional error is harmless unless it had a 'substantial influence' on the outcome [of the trial] or leaves one in 'grave doubt' as to whether it had such effect." *Id.* at 1469 (quoting *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248.

In this case, the challenged juror did not serve on the jury because plaintiff used a peremptory challenge to remove him. Plaintiff does not allege that the jury as seated was biased. Thus, the district court's refusal to remove Mr. Agin for cause did not have a "substantial influence on the outcome" of the trial, nor does it leave us "in grave doubt as to whether it had such effect." Because plaintiff's right to an impartial jury was not infringed by the district court's erroneous denial of the for-cause challenge, we hold that the error was harmless.[3] *See McIntyre*, 997 F.2d at 698 n. 7.

---

1. We recognize that *Ross* was concerned with the Sixth Amendment, not the Seventh Amendment, right to trial by jury. In our view, however, the rationale of *Ross* applies by analogy to the instant case. Moreover, there is no reason to believe that the Seventh Amendment would provide a broader right than the Sixth Amendment in this context. *Cf. Colgrove v. Battin*, 413 U.S. 149, 158–60, 93 S.Ct. 2448, 2453–54, 37 L.Ed.2d 522 (1973) (relying on a Sixth Amendment case to sustain the constitutionality of six-member juries in civil trials).

2. This court recently reiterated the appropriateness of the *Kotteakos* standard in *United States v. McIntyre*, 997 F.2d 687, 698 n. 7 (10th Cir.1993) ("Because the erroneous denial of a for-cause challenge does not rise to the level of a constitutional violation, we apply the harmless error

analysis set forth in *Kotteakos*."), *cert. denied,* —— U.S. ——, 114 S.Ct. 736, 126 L.Ed.2d 699 (1994).

3. We are troubled that one result of our holding may be the creation of a formidable barrier to appellate review of denials of for-cause challenges. Unless a litigant's right to an impartial jury is infringed, erroneous denials of for-cause challenges are probably harmless errors. A litigant who challenges a prospective juror for cause is unlikely to allow such a juror to remain on the jury and will exercise a peremptory challenge. Thus, the litigant will not be able to argue that the jury which decided the case was partial. Of course, there may be instances in which a party can show that the erroneous denial of a for-cause challenge substantially affected the outcome of a trial. Such an instance, however, is not before us in this case.

*District Court's Evidentiary Decisions*

■ Plaintiff's second, third, and fourth allegations of error question the trial court's rulings on the admissibility of certain evidence. In general, a district court's rulings on the admissibility of evidence will not be disturbed on appeal absent an abuse of discretion. *Ragland v. Shattuck Nat'l Bank,* 36 F.3d 983, 990 (10th Cir.1994).

■ Plaintiff first challenges the district court's refusal to allow plaintiff's safety expert to testify. A district court may allow expert testimony "[i]f [the expert's] scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. "[A] trial judge's ruling on the admission or exclusion of expert testimony will not be overturned unless it is manifestly erroneous or an abuse of discretion." *Werth v. Makita Elec. Works, Ltd.,* 950 F.2d 643, 647 (10th Cir.1991). Here, the district court excluded plaintiff's proffered expert testimony because "the normal life experiences and qualifications of the jury would permit it to draw its own conclusions concerning the safety of the floor, based upon the lay testimony of eyewitnesses." This ruling was neither manifestly erroneous nor an abuse of discretion.

■ Plaintiff also argues that defense witnesses Bramble and Gee should not have been permitted to offer their opinions that the vestibule was safe at the time of plaintiff's fall. Each of these witnesses related her eyewitness observations concerning the vestibule's condition. Each witness also opined that the vestibule was safe at the time that plaintiff slipped and fell. The Federal Rules of Evidence provide that a lay witness may testify in the form of an opinion if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R.Evid. 701. The determination of a lay witness's qualification to testify to a matter of opinion is within the sound discretion of the trial court. *Randolph v. Collectramatic, Inc.,* 590 F.2d 844, 847 (10th Cir.1979). In this case, the testimony of each challenged witness meets the requirements of Rule 701. Accordingly, the district court did not abuse its discretion in allowing Bramble and Gee to offer their opinions.

■ Plaintiff's remaining evidentiary claim is that the district court erred in permitting defendant to inquire, on cross examination, whether plaintiff had undergone a sterilization procedure to prevent pregnancy. Plaintiff argues that the inquiry was improper because its probative value was substantially outweighed by the danger of unfair prejudice to plaintiff. *See* Fed.R.Evid. 403. "The decision to exclude (or admit) evidence under [Rule 403] is within the sound discretion of the trial court, and will not be reversed by this court absent a clear abuse of discretion." *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1155 (10th Cir.1985). When plaintiff objected to this line of questioning at trial, the district court asked both counsel to approach the bench. Defendant argued that the question was relevant because plaintiff's complaint included a claim for lost consortium. While the district court allowed plaintiff to answer the question, the court also admonished defendant not to dwell on the subject. We cannot say that the district court clearly abused its discretion by allowing this evidence.

*Jury Instructions*

■ Plaintiff asserts that Jury Instruction No. 11 was improper because it was duplicative, vague, and confusing to the jury.[4]

4. The challenged jury instruction is set forth here in full:
   This instruction sets forth the claims of the respective parties, as stated in the case. These claims are not to be considered by you as evidence in the case. The allegations of the respective parties must be established and proved by the evidence.
   In this case plaintiff, Gretchen Getter, claims that she was injured and sustained damages as a result of the fault of defendant Wal–Mart Stores, Inc., in one or more of the following respects:
   (1) Defendant failed to have mats covering a wet floor in the vestibule of the store;
   (2) Defendant failed to replace wet mats in the vestibule in a timely manner;
   (3) Defendant failed to eliminate the dangerous condition of wet floors in a timely manner.

When reviewing a challenge to jury instructions, we must look at the instructions as a whole to determine whether they properly state the law. *Lutz v. Weld County Sch. Dist. No. 6,* 784 F.2d 340, 341 (10th Cir.1986) (per curiam). An instruction need not be faultless in every respect. *Id.* The judgment should be disturbed only if we have "a substantial doubt whether the jury was fairly guided in its deliberations." *Id.* (internal quotations omitted). Upon review of the jury instructions as a whole, we conclude that they properly stated the law and fairly guided the jury in its deliberations.

### Cumulative Error and Sufficiency of Evidence

■ Because we find that only one of the district court's rulings challenged by plaintiff was error, and that the sole error was harmless, plaintiff's allegation of cumulative error fails. "[C]umulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *Rivera,* 900 F.2d at 1471.

■ Plaintiff's final argument is that the jury verdict is against the weight of the evidence. "A motion for a new trial made on the ground that the verdict of the jury is against the weight of the evidence normally presents a question of fact and not of law and is addressed to the discretion of the trial court." *Richardson v. City of Albuquerque,* 857 F.2d 727, 730 (10th Cir.1988). Thus, we review the district court's denial of a motion for new trial on this ground for "a manifest abuse of discretion." *Id.* Our "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of

the evidence." *Black v. Hieb's Enters., Inc.,* 805 F.2d 360, 363 (10th Cir.1986). In the case at bar, our review of the trial record reveals substantial evidence to support the jury's verdict. Thus, the verdict is not clearly, decidedly, or overwhelmingly against the evidence. We therefore find no abuse of discretion in the district court's denial of plaintiff's motion for a new trial.

### Conclusion

For the reasons stated herein, the judgment of the district court is **AFFIRMED.**

CAMPOS, Senior District Judge, concurring in part and dissenting in part.

The majority in this case places pivotal reliance on *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). While *Ross* and this case may be in the same universe, that of peremptory challenges, these two cases are on different planets and, if not light years, certainly miles and miles apart. And the *Ross* court specifically told us that. The majority's leap from *Ross* does not quite reach the ground on the other side of the chasm where this case rests.

*Ross* involved an Oklahoma state court first-degree murder conviction. Oklahoma law provided nine (9) peremptory challenges to both parties in capital trials. One prospective juror, Huling, responded to questions in a manner which prompted the defense to challenge him for cause. The Oklahoma trial court denied the challenge. The defense then employed his sixth peremptory challenge to dismiss Huling and subsequently exhausted all nine (9) of his peremptory chal-

---

The plaintiff bears the burden of proving that her claims are more probably true than not true.

The defendant admits that it operated the Wal–Mart Store in Atchison County, Kansas, and that the store had a vestibule on December 20, 1988, for customers to enter and exit. Wal–Mart also admits that Gretchen Getter was a business visitor in its store at the time of the occurrence in question.

The defendant denies all other claims of plaintiff.

*Further, defendant claims that if the plaintiff sustained injury or damages, it was the fault of plaintiff in one or more of the following respects:*

*(1) In failing to keep a proper lookout for her own safety;*

*(2) In failing to look and see what was in plain sight, there being nothing to prevent plaintiff from seeing the floor;*

*(3) In the manner in which she walked through the vestibule area in view of the inclement weather conditions.*

The defendant has the burden of proving that its claims of fault on the part of plaintiff are more probably true than not true.

Plaintiff challenges only the emphasized portion of the instruction.

lenges. On appeal, the Oklahoma Court of Criminal Appeals found that the trial court committed error in not dismissing Huling for cause but found, nevertheless, that the error did not warrant reversal:

> The failure of the trial court to remove a prospective juror who unequivocally states that he is unwilling to follow the law during the penalty phase by considering a life sentence is error. The record reflects that defense counsel challenged the prospective juror for cause, and when the court denied the challenge, defense counsel used a peremptory challenge. All of [petitioner's] peremptory challenges were subsequently used; but as there is nothing in the record to show that any juror who sat on the trial was objectionable, we are unable to discover any grounds for reversal.

*Ross,* 487 U.S. at 84–85, 108 S.Ct. at 2276 (quoting *Ross v. State,* 717 P.2d 117, 120 (Okla.Crim.App.1986) (citations omitted)).

On appeal, the Supreme Court of the United States, in a split 5 to 4 decision, affirmed the decision of the Oklahoma Court of Criminal Appeals. It agreed that the trial court erred when it refused to strike prospective juror Huling for cause. Two thrusts were directed against the decision of the Oklahoma Court of Criminal Appeals upholding the conviction:

1. That Petitioner's right to an impartial jury guaranteed him by the Sixth and Fourteenth Amendments to the Constitution was abridged; and

2. That Petitioner's right to due process under the Fourteenth Amendment was, likewise, abridged.

The Supreme Court addressed, firstly, the claim of infringement of Petitioner's right to an impartial jury under the Sixth and Fourteenth Amendments. The Court concluded: "[W]e reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension." *Ross,* 487 U.S. at 88, 108 S.Ct. at 2278.

Turning to the claim that the refusal to strike for cause violated Petitioner's due pro-

cess rights under the Fourteenth Amendment, the Supreme Court focused on the law of Oklahoma which it interpreted as conditioned "by the requirement that the defendant must use those challenges *to cure erroneous refusals* by the trial court to excuse jurors for cause. We think there is nothing arbitrary or irrational about such a requirement, which subordinates the absolute freedom to use a peremptory challenge as one wishes to the goal of empaneling an impartial jury." *Ross,* 487 U.S. at 90, 108 S.Ct. at 2279 (emphasis added).

The Supreme Court clearly and explicitly viewed the peremptory challenge *in the State of Oklahoma* as one burdened with the requirement that it be used to "cure erroneous refusals." It found no impediment in the United States Constitution to peremptory challenges thus burdened by a state statute and state court interpretation in the empaneling of an impartial jury. The *Ross* majority concluded: "As required by Oklahoma law, petitioner exercised one of his peremptory challenges to rectify the trial court's error, and consequently he retained only eight peremptory challenges to use in his unfettered discretion. *But he received all that Oklahoma law allowed him, and therefore his due process challenge fails." Ross,* 487 U.S. at 90–91, 108 S.Ct. at 2279–80 (emphasis added).

The *Ross* Court did not decide the issue we deal with here nor did it intimate what the correct result in this cause should be. This is the leap taken by the majority which, in this case, falls short. Here, the majority citing *Ross* and *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) (not a peremptory challenge case), senses a compulsion to apply "harmless error analysis." Whatever compulsion *Ross* imparts to the majority here is misinterpreted and leads it to an erroneous result. In footnote 4 the Supreme Court in terms clear as clearest sky tells us:

> We need not decide the broader question whether, in the absence of Oklahoma's limitation on the 'right' to exercise peremptory challenges, 'a denial or impairment' of the exercise of peremptory challenges occurs if the defendant uses one or more

challenges to remove jurors who should have been excused for cause.

*Ross,* 487 U.S. at 91 n. 4, 108 S.Ct. at 2280 n. 4.

The case here is the case which presents the "broader question" not addressed and not decided by *Ross.* Here the majority agrees, and I concur wholeheartedly, that the trial court abused discretion in refusing to excuse the prospective juror, John Agin, who not only was a stockholder in defendant Wal–Mart, but whose wife was, at the time of trial, an employee of the same Wal–Mart. Abuse of discretion cannot be much clearer than this. Plaintiff here, after challenge for cause was rebuffed, was put to using a peremptory challenge to remove a prospective juror "who should have been excused for cause." The broader question not addressed in *Ross* is thus squarely before us. We cannot close our eyes to it. We cannot tiptoe around it. We cannot fly or jump over it. We cannot burrow under it. And we should not flop into the "harmless error" foxhole which sometimes beckons judges when they hear bullets singing about their ears but are unable to tell from where those missiles are launched.

Let us look at "harmless error" and peremptory challenges as they relate to this case and as viewed by the Supreme Court of the United States, this Court, and the Courts of Appeals of other circuits.

Touching "harmless" error, 28 U.S.C. § 2111 provides: "On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." Section 1870 of 28 U.S.C. provides, in part, that "[i]n civil cases each party shall be entitled to three peremptory challenges."

We are dealing here with a right created and given to a party by the Congress of the United States. It is not a right created by a state legislature and molded by interpretation of state courts as the United States Supreme Court found Oklahoma had done in *Ross.* It is not a right created by a federal court. True enough, under 28 U.S.C. § 1870, several defendants or several plaintiffs may be considered as a single party for purposes of making challenges or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly. But the right to a peremptory challenge in the federal courts emanates from a source of governmental power apart from the judiciary. The fountain of this right is the United States Congress.

The "broader question" which the *Ross* majority specifically avoided must be addressed and answered here. Simply stated, it is this: Is the right to a peremptory challenge under 28 U.S.C. § 1870 one of the "substantial rights of the parties" under 28 U.S.C. § 2111? The conclusion that it must be, and that it is, is attested by federal case law from very early on. Perhaps the best exposition of the history, nature and character of the right to challenge peremptorily is contained in yet viable remains of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Observations touching the peremptory challenge are as pertinent, as timely and as revealing of the essence of this "right" today as they were before and after *Swain* was modified in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson* only overruled *Swain* to the extent that it prohibits the exercise of a peremptory challenge for reasons which violate the equal protection guarantees of the Constitution. Mr. Justice White for the *Swain* Court wrote of the peremptory challenge. His words reveal the essence of the peremptory challenge as provided in congressional enactments relating to the rights of litigants in the trial of both criminal and civil cases:

The persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury. Although '[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges,' nonetheless the challenge is 'one of the most important of the rights secured to the accused.' *The denial or impairment of the right is reversible error without a showing of prejudice.* 'For it is, as Blackstone says, an arbitrary

and capricious right; and it must be exercised with full freedom, or it fails of its full purpose.'

\* \* \* \* \* \*

The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. It is often exercised upon the 'sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another,' upon a juror's 'habits and associations,' or upon the feeling that 'the bare questioning [a juror's] indifference may sometimes provoke a resentment.' (Emphasis added.)

*Swain v. Alabama,* 380 U.S. at 219–220, 85 S.Ct. at 835–836.

*Batson,* while placing equal protection strictures on peremptory challenges, nevertheless clearly recognized important inherent values in litigants' fair trial rights in the challenge: "While we recognize, of course, that the peremptory challenge occupies an important position in our trial procedure, we do not agree that our decision today will undermine the contribution the challenge generally makes to the administration of justice." *Batson,* 476 U.S. at 98–99, 106 S.Ct. at 1724.

This Court has long perceived the important dimension and rock hard substance of the peremptory challenge. Judge Murrah, for the Court, in *United States v. Chapman,* 158 F.2d 417 (10th Cir.1946) addressed the issue. While announcing that error in *excusing* or *discharging* a qualified juror was not reversible error he found that the refusal to sustain a challenge for cause was error in that case and that such error required reversal. *Id.* at 421.

Judge Breitenstein, while finding that the trial judge did not abuse discretion in denying challenges for cause, noted that "generally an improper denial of a challenge for cause is error as it forces a party to use a peremptory challenge." *Hopkins v. County of Laramie, Wyo.,* 730 F.2d 603, 605 (10th Cir.1984).

The majority opinion in this case, in addition to misinterpreting *Ross,* stands at the opposite pole from holdings in other circuits.

We read the long line of Supreme Court authority that culminated with *Swain* to say that the denial or impairment of the right to peremptory challenges is reversible error *per se.* ('Any system for the impaneling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned.') The impairment of this right, therefore, cannot be dismissed as harmless.

*United States v. Ruuska,* 883 F.2d 262, 268 (3rd Cir.1989) (citations omitted). The Seventh Circuit has followed the Third Circuit in this respect, stating that "[i]t is reversible error to deny a party to a jury trial the peremptory challenges to which the rules of procedure entitle him, although it will rarely if ever be possible to show that the trial would have come out differently with a different jury." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.,* 908 F.2d 1363, 1369 (7th Cir.1990).

Somehow and somewhere, out of the swirls and whirls of twenty-five (25) pages of majority opinion and three (3) pages of dissent in *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), a conclusion seems to have been reached that, usually, unless the error is one of constitutional dimension, a "harmless error" analysis must be engaged. Thus, the majority relies on *Kotteakos* in support of its foray into harmless error. The majority further girds its harmless error analysis by reminding us that this Court has recently given a nod of approval to *Kotteakos* in *United States v. McIntyre,* 997 F.2d 687, 698 n. 7 (10th Cir.1993).

In *McIntyre,* this Court held that, in that case, "the refusal to grant a for-cause dismissal was not an abuse of discretion." 997 F.2d at 698. It is to this holding that footnote 7 is appended. Footnote 7 from *McIntyre* reads in part:

The Supreme Court in *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), held that there is no violation of either the Sixth or Fourteenth amendments when a trial court has erroneously denied a for-cause challenge and the juror is subsequently struck through the use of a peremptory challenge. The Court concluded that 'the loss of a peremptory challenge [does not] constitute[ ] a violation of the constitutional right to an impartial jury.' *Id.* at 88, 108 S.Ct. at 2278. 'Any claim that the jury was not impartial ... must focus ... on the jurors who ultimately sat.' *Id.* at 86, 108 S.Ct. at 2277. 'So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.' *Id.* at 88, 108 S.Ct. at 2278. Subsequent opinions of the Tenth Circuit have reached similar conclusions. Because the erroneous denial of a for-cause challenge does not rise to the level of a constitutional violation, we apply the harmless error analysis set forth in *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). 'A non-constitutional error is harmless unless it had a "substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such effect.' *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir.1990) (citing *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248). In the instant case the defendant does not allege that the use of peremptory challenges on this juror resulted in an impartial jury or disadvantaged him in any way. Accordingly, we find that even if the for-cause challenge was improperly denied, any error resulting therefrom was harmless.

*Id.* at 698 n. 7. At least the following need be said about this footnote:

1. The observations relating to *Ross* are *obiter dicta* not necessary whatever to the holding that the trial court did not abuse discretion by refusing to grant a for-cause challenge.

2. The interpretation of *Ross* suffers from the same infirmity which has been treated and demonstrated above.

3. If published opinions of the Tenth Circuit between *Ross* (1988) and *McIntyre* (1993) have reached the conclusions set forth in the footnote, as the *McIntyre* court claims, the writer herein has been unable to locate them.[1]

And it is pertinent to point out that *Kotteakos, supra*, decided in 1946, did not move the Supreme Court speaking through Mr. Justice White in 1965 to engage the "harmless error" analysis when *Swain, supra*, was decided.

The "harmless error" analysis requires a party, in the "non-constitutional error" context, to make a showing that the error had a "substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such effect. *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir.1990). In the peremptory challenge scenario a party must thus make a showing that while one set of juror brains decided against it a set of slightly different juror brains would have decided for it. The processes and means for making such a showing are, of course, non-existent. Thus, at the starting line this formulation forces a party to hit the impregnable wall before the starting gun goes off. This is sophistry.

My conclusion is twofold. First, I believe that losing a peremptory challenge because

---

1. A pre-*McIntyre* unpublished opinion, *Scales v. Norton*, No. 92–1008, 1992 WL 150088, at *1 (10th Cir. June 24, 1992), without citation or analysis, contains the assertion that "the loss of a peremptory challenge that might have been exercised elsewhere is not constitutional error justifying overturning a state court conviction." Another unpublished opinion, *Isiah v. Tansy*, No. 93–2183, 1994 WL 237499, at *3 (10th Cir. June 3, 1994), states the same proposition and cites *Ross* and *McIntyre* as supporting it. *Isiah* is post-*McIntyre* and thus could not be one of the cases which supports the *McIntyre* footnote 7 assertion. *Scales* and *Isiah* involve state convictions and thus are inapposite in the present case. Notwithstanding the fact that these cases hold that, in state court trials, the loss of a peremptory challenge through trial court error does not constitute a violation of the constitutional right to an impartial jury, they do not address the issue as to whether in a federal court such a deprivation constitutes reversible error because it deprives a party of a "substantial right" under 28 U.S.C. § 2111.

of an erroneous refusal to excuse for cause is a deprivation of property without due process of law in contravention of the Fifth Amendment. It impacts upon the processing of the litigant's cause of action, the litigant's "property," in a federal court. Thus, I would not engage in a harmless error analysis as the majority does. Second, even if an erroneous denial of a challenge for cause does not implicate the Fifth Amendment, still the peremptory challenge accorded litigants in 28 U.S.C. § 1870 is, nevertheless, a statutory right or privilege which carries with it all the essence, stature and dignity of the "substantial rights" which are the subject of 28 U.S.C. § 2111. History and law teach that it has a rightful place in and marches with that company. When a party is put to exhausting all peremptory challenges, one of which is used to remedy an erroneous denial of a challenge for cause, as occurred in this case, such ruling denigrates and diminishes this statutory right and is, therefore, reversible error.

The majority does not dedicate the mildest whisper as to whether the erroneous denial of a challenge for cause which deprives a party of a peremptory challenge in a federal jury trial touches the Fifth Amendment, 28 U.S.C. § 2111, or 28 U.S.C. § 1870. I am convinced it does and I, therefore, dissent on the peremptory challenge issue.[2] Because I would reverse and grant a new trial on this issue, I do not reach the other issues decided in the majority opinion.

**2.** Except for the Fifth Amendment observations in the last two paragraphs herein, this partial dissent was drafted April 18, 1995. On August 29, 1995, the writer learned that the Third Circuit had issued its opinion, on July 27, 1995, in *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3rd Cir.1995). Except for the writer's views on the Fifth Amendment, which *Kirk* does not treat, *Kirk* and this partial dissent are on precisely the same track regarding *Ross* and its non-applicability to erroneous denials of challenges for cause in a jury trial in federal court.