**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL CRISSWELL,

     Plaintiff - Appellee,

v.

THE RIDGE TOOL COMPANY,

     Defendant - Appellant.

No. 97-2184

(D.C. No. CIV-95-983 RLP\LFG)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-Appellant Ridge Tool Company appeals a jury verdict for Plaintiff, Mr. Carl Crisswell, in this diversity, products liability case. The sole issue on appeal is Defendant's claim that the trial court abused its discretion in denying Defendant's Motion

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for a New Trial. Defendant's Motion for a New Trial was based on the theory that the verdict was against the weight of the evidence. See Fed. R. Civ. P. 59(a); Brown v. Syntex Labs., Inc., 755 F.2d 668, 673-74 (8th Cir. 1985).

The district court's decision on a motion for a new trial based on the theory that the verdict is against the weight of the evidence will not be disturbed unless it is a manifest abuse of discretion. See Brown v. McGraw-Edison Co., 736 F.2d 609, 616 (10th Cir. 1984); Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1193 (10th Cir. 1997). The standard is whether the verdict is "'clearly, decidedly or overwhelmingly against the weight of the evidence.'" Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1125 (10th Cir. 1995), quoting Black v. Hieb's Enters., Inc., 805 F.2d 360, 363 (10th Cir. 1986). After reviewing the record, we agree with the trial court that the evidence Defendant cites in support of his motion concerns classic jury issues, i.e., matters of credibility and the weight to be given the evidence presented at trial. See Appellant's Br. App. at A-4; Brown, 736 F.2d at 616.

We conclude the trial court did not abuse its discretion in denying the Motion for a New Trial and AFFIRM for substantially the reasons given by the magistrate judge in its Memorandum Opinion and Order of May 16, 1997.

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

2