FILED
United States Court of Appeals
Tenth Circuit

July 2, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EMILY HATFIELD,

      Plaintiff - Appellant,

v.

WAL-MART STORES, INC.,

      Defendant - Appellee.

No. 08-3233
(D.C. No. 5:07-CV-4038 RDR-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **O'BRIEN**, Circuit Judge, and **EAGAN**,[**] District Judge.

---

Plaintiff-Appellant Emily Hatfield appeals from an adverse judgment following a consent jury trial before a magistrate judge. She raises the following issues on appeal: (1) improper exclusion of expert testimony; (2) improper denial of challenges for cause of two members of the jury panel; (3) improper closing argument; and (4) refusal to give a requested jury instruction on spoliation of evidence.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Claire V. Eagan, United States District Judge for the Northern District of Oklahoma, sitting by designation.

*Background*

On October 22, 2005, Plaintiff was walking with the aid of crutches in a Wal-Mart Supercenter in Manhattan, Kansas, when she slipped and fell, hitting her head on the ground. Plaintiff was in the area of the store with a seasonal floral display. There were no safety mats on the ground, and Plaintiff alleges that water from the flowers caused her to slip. Plaintiff sued Wal-Mart Stores, Inc. (Wal-Mart), alleging that Wal-Mart failed to use reasonable care for the safety of its customers on its premises.

Plaintiff retained an expert witness, Alex Balian, who opined in discovery that the industry standard and Wal-Mart's policy required safety mats in areas where water was likely to accumulate, and that Plaintiff fell in an area that should have had a safety mat. Wal-Mart filed a motion to exclude Balian's testimony on the ground that his opinions were not based on "technical or specialized knowledge" and were merely "personal opinions." At a hearing on the motion, Plaintiff argued that Balian was qualified to testify with respect to industry practice because of his years of experience in the retail grocery industry. Plaintiff also argued that an expert witness was required to assist the jury in its determination of the reasonableness of Wal-Mart's decision not to place a mat in front of the seasonal floral display. The trial court agreed with Wal-Mart and excluded Balian's testimony.

During jury selection, Plaintiff challenged for cause two panel members

-2-

who are current employees of Wal-Mart. One of the panel members worked at the store where Plaintiff was injured and knew some of the witnesses, including the store manager. Both panel members stated that they could weigh the evidence impartially. Plaintiff's challenges were denied, and she used two of her peremptory strikes to exclude those panel members from the jury.

In closing argument, Wal-Mart's counsel argued that Plaintiff failed to present any expert testimony regarding an industry standard for placement of safety mats. Plaintiff objected on the ground that she intended to present expert testimony, but was prevented from doing so by Wal-Mart by virtue of its motion to exclude the expert testimony of Alex Balian. Also in closing, Wal-Mart's counsel argued that no similar incidents had occurred in any of the stores managed by Allen Jeffers, the manager of the store in question. Plaintiff asserts that Wal-Mart withheld incident reports and should not have been permitted to argue about the lack of past incidents when it withheld information from her.

Finally, Plaintiff filed a motion for sanctions for spoliation of evidence, and requested a jury instruction on spoliation. Plaintiff argued that Wal-Mart destroyed the video surveillance tapes and, thus, she was never given the opportunity to confirm whether Wal-Mart employees conducted safety sweeps of the area where she fell. Wal-Mart contends that it was asked to save the tapes only in the event that they recorded Plaintiff's fall. A Wal-Mart representative testified that the tapes did not show the incident, so they were not preserved. The

trial court denied Plaintiff's request for a jury instruction on spoliation. The jury

returned a verdict for Wal-Mart and this appeal followed.

*Discussion*

*Exclusion of Expert Testimony*

The decision to admit an expert witness is governed by Federal Rule of

Evidence 702. Pursuant to that rule, expert testimony may be admitted if

"scientific, technical, or other specialized knowledge will assist the trier of fact to

understand the evidence or determine a fact in issue . . . ." Fed. R. Evid. 702. In

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme

Court held that trial courts have a gatekeeping function to ensure both the

relevance and reliability of scientific expert testimony. Several years later, the

Supreme Court held that Rule 702 also applies to non-scientific expert testimony.

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999). In *Kumho Tire*,

the Supreme Court recognized that "an expert might draw a conclusion from a set

of observations based on extensive and specialized experience." *Id.* "Under Rule

702, the [trial] court must satisfy itself that the proposed expert testimony is both

reliable and relevant, in that it will assist the trier of fact, before permitting a jury

to assess such testimony." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122

(10th Cir. 2006).

"[W]hether the district court employed the proper legal standard and

performed its gatekeeper role" in determining whether to admit or exclude expert

testimony is reviewed *de novo.* *Id.* We then review the trial court's application

of the legal standard for abuse of discretion. *Dodge v. Cotter Corp.*, 328 F.3d

1212, 1223 (10th Cir. 2003). A trial court's ruling on the admissibility of expert

testimony will not be disturbed unless it is "arbitrary, capricious, whimsical or

manifestly unreasonable or when we are convinced that the [trial] court made a

clear error of judgment or exceeded the bounds of permissible choice in the

circumstances." *Id.* (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*,

226 F.3d 1138, 1163-64 (10th Cir. 2000)(internal quotations omitted)). The

gatekeeping function requires a trial court to make specific findings on the record;

the absence of such findings is an abuse of discretion. *Id.*

Plaintiff argues that the trial court should have applied *Kumho Tire* rather

than *Daubert* in determining whether Plaintiff's expert witness, Alex Balian, was

qualified to testify as an expert. However, *Daubert* is used as "legal shorthand"

for the trial court's obligation to determine the reliability and relevance of expert

witnesses. *See United States v. Nacchio*, 555 F.3d 1234, 1238 n.3 (10th Cir.

2009). To testify, an expert's proposed testimony must be both reliable and

relevant. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).

In *Bitler*, we stated that trial courts must apply the following four factors to make

a reliability determination:

> (1) whether a theory has been or can be tested or falsified; (2)
> whether the theory or technique has been subject to peer review and
> publication; (3) whether there are known or potential rates of error

with regard to specific techniques; and (4) whether the theory or approach has "general acceptance."

*Id.* at 1233 (citing *Daubert*, 509 U.S. at 593-94). Under *Kumho Tire*, these factors are used to determine the admissibility of non-technical expert testimony. 526 U.S. at 149. However, these factors are "neither definitive nor exhaustive and . . . a trial judge has wide discretion both in deciding how to assess an expert's reliability and in making a determination of that reliability." *Bitler*, 400 F.3d at 1233.

Wal-Mart argued, and the trial court agreed, that Balian's testimony should be excluded under *Daubert* because he failed to perform any scientific testing and could not cite a single publication that set forth an industry standard for the placement of safety mats in retail stores. The trial court did not enter a written order and did not specifically state that it relied on *Daubert/Kumho Tire* to reach its decision. However, at the hearing on Wal-Mart's motion, the trial court stated the following reasons for excluding Balian's testimony: (1) his testimony was not reliable because he failed to perform any scientific or technical tests; (2) he could not state an industry standard nor cite to any publication stating an industry standard; and (3) his testimony was not relevant because it would not assist the jury. The trial court appears to have mistakenly believed that scientific testing is always required under the reliability component of *Daubert/Kumho Tire*. However, the trial court correctly noted that Balian's testimony was not reliable

-6-

because he could not articulate an industry standard for the placement of mats. Regardless of the trial court's mistaken belief in an absolute requirement of scientific testing, it is clear from the record that the trial court correctly applied the reliability component of *Daubert/Kumho Tire* as to an industry standard, and determined that Balian's testimony was unreliable.

With regard to the relevance component, the trial court stated that, in the absence of an industry standard, the jury members could use common sense and their own life experiences to decide whether Wal-Mart was negligent for failing to place a safety mat in front of a floral display. *See* Fed. R. Evid. 702 (expert testimony is admissible if it will ". . . assist the trier of fact to understand the evidence or determine a fact in issue . . . ."). The trial court found that Balian's testimony would not assist the jury and, thus, would not be relevant. The trial court, in its performance of its gatekeeping function, evaluated Balian's report and testimony, and concluded that Balian was not familiar with the facts of the case, could not cite an industry standard, and was, thus, unqualified to give expert testimony. While the trial court could have entered a written order explaining its findings in more specific detail, it held a hearing and made a reasoned ruling from the bench. Accordingly, after a *de novo* review, we find that the trial court applied the correct legal standard and performed its gatekeeper role. We further find that the trial court did not abuse its discretion by excluding the testimony of Plaintiff's expert witness.

*Denial of Challenges for Cause*

A trial court's refusal to strike a juror for cause is reviewed for an abuse of discretion. *Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1467 (10th Cir. 1994). The trial court is required to grant a challenge for cause if a prospective juror shows actual bias. *Id.* Actual bias is shown by the juror's admission of bias or "by proof of specific facts which show the juror has such a close connection to the facts at trial that bias is presumed." *Id.* However, if the trial court denies a party's for-cause challenge, the party must show that the use of a peremptory strike to eliminate the prospective juror from the panel resulted in a biased jury and substantially affected the outcome of the case. *See Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119 (10th Cir. 1995).

In *Getter*, we held that the district court erred in denying plaintiff's motion to strike a juror who held Wal-Mart stock and whose wife was employed by Wal-Mart, even though the juror claimed that he could be impartial. *Id.* The plaintiff in *Getter* was forced to use a peremptory strike to prevent the potential juror from serving on the jury. *Id.* Nonetheless, we held that there was no reversible error because there was no evidence to suggest that the panel that was ultimately selected was biased in any way. *Id.* The fact that a party is forced to use a peremptory challenge to remove a potential juror does not *per se* violate the party's right to a fair trial. *Id.* at 1123. Rather, harmless error analysis applies to determine whether the error has a "substantial influence on the outcome of the

-8-

trial or leaves one in grave doubt as to whether it had such effect." *Id.* (citations omitted).

Plaintiff argues that she was harmed by the trial court's denial of her challenge for cause of two panel members who are currently employed by Wal-Mart. At the time of trial, one of the challenged prospective jurors, Don Croy Jr., was employed as a lift mechanic at Wal-Mart. The other challenged juror, Megan Dara-Irene Gillman, disclosed during voir dire that she was a current Wal-Mart employee and that she had previously worked at the store where the incident occurred. Ms. Gillman also disclosed that she was once co-manager with Allen Jeffers, the Wal-Mart corporate representative and witness, and she knew several other Wal-Mart employees on the witness list. The trial judge asked Mr. Croy and Ms. Gillman if they could be impartial despite their employment at Wal-Mart, and both responded that they could be impartial. Even though both prospective jurors claimed that they could be impartial, we find that the trial court erred in denying Plaintiff's challenges for cause. Both, and certainly Ms. Gillman, had the types of relationship to Wal-Mart that would require the trial court to presume bias regardless of their claims of impartiality. *See Vasey*, 29 F.3d at 1467. Thus, we conclude that the trial court erred by denying Plaintiff's challenges for cause.

We must then determine whether this error warrants reversal. Plaintiff argues that because of the trial court's denial of her for-cause challenges, Plaintiff had to use two of her peremptory strikes to remove the Wal-Mart employees from

-9-

the panel. As a result, two jurors remained on the panel who otherwise could have been removed by peremptory strike. One of those jurors, Jacqueline Johnson, was acquainted with Wal-Mart's counsel, Mr. Jarrow, because she worked with Mr. Jarrow's wife at Payless Shoes. Plaintiff also contends that she would have used a peremptory strike to remove juror Jim Hicks because he had previously worked in grocery stores and in the retail industry. Using harmless error analysis, we find that the presence of those two jurors on the panel did not have a "substantial influence on the outcome of the trial," nor does it leave one in "grave doubt as to whether it had such effect." *Getter*, 66 F.3d at 1123 (internal citations omitted). In fact, despite Plaintiff's argument about the two jurors she would have eliminated using her peremptory strikes, at the time Plaintiff did not object to the composition of the jury as seated. Accordingly, the trial court's denial of Plaintiff's challenges for cause is harmless error.

*Closing Argument*

The trial court's rulings on objections based on improper argument are reviewed for abuse of discretion. *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007). An argument may be improper where, *inter alia*, counsel refers to evidence not in the record, makes arguments "plainly calculated to arouse [the jury's] sympathy," or engages in personal attacks on the opposing party or the opposing party's counsel. *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1128-29 (10th Cir. 2009). Reversal based on improper argument

-10-

in closing is appropriate only where the argument "obviously prejudiced" the opposing party. *Smith v. Atlantic Richfield Co.*, 814 F.2d 1481, 1488 (10th Cir. 1987). In our recent case, *Whittenburg*, we identified three factors that indicate that improper closing remarks "rise to the high level required to merit reversal." *Id*. at 1131. Under the *Whittenburg* factors, the appeals court should more likely find prejudice: (1) where "counsel truly overemphasizes an improper argument;" (2) where "the district court decline[s] to take any specific curative action;" and (3) where it appears "counsel's comments had a prejudicial effect" on the ultimate verdict. *Id*. at 1131-32.

Plaintiff raises two issues with regard to closing argument. First, Plaintiff contends that it was improper for Wal-Mart's counsel to argue that Plaintiff was unable to provide a shopkeeper or retailer to testify that the industry practice was to put safety mats in front of floral displays when the trial court, on Wal-Mart's motion, excluded testimony from Plaintiff's expert witness. Plaintiff also contends that Wal-Mart's argument regarding the lack of other incidents at Wal-Mart was improper. According to plaintiff, Wal-Mart's counsel's improper arguments resulted in obvious prejudice and require reversal.

Plaintiff argues that it was improper to allow Wal-Mart's counsel to argue that Plaintiff failed to "bring in a shopkeeper or retailer to say that they would have used a carpeted safety mat in this situation" (Brief of Appellant, p. 22) when Wal-Mart caused the exclusion of Plaintiff's expert witness, who would have

presented such testimony. Her argument overlooks a very pertinent fact-- her

expert's testimony was properly excluded. Accordingly, as Wal-Mart argued,

there was no testimony in evidence on the point. Counsel's closing argument is

generally limited to the "evidence in the record and to reasonable inferences from

that evidence." *Whittenburg*, 561 F.3d at 1128-29. Wal-Mart's counsel's

argument was fair comment on plaintiff's failure to meet its burden of proof, and

is not improper closing argument. Even if, however, Wal-Mart's argument were

improper, we will not reverse for improper argument unless obvious prejudice

resulted. We find that it did not. Wal-Mart's comment on the absence of expert

testimony as to the placement of safety mats did not obviously prejudice Plaintiff.

The issue of where and when to place a safety mat in a store can be decided by

the jury using common sense, and an expert was not necessary to aid the jury in

making its determination. Accordingly, Wal-Mart's comment on the lack of an

unnecessary witness did not constitute obvious prejudice to Plaintiff. Further,

applying the *Whittenburg* factors, we find that the comments in question were a

minor point in closing; one comment was before objection was made and one was

immediately after the objection was overruled. *See King*, 485 F.3d at 591

(holding that reversal was not warranted where counsel did not "linger" on the

contested argument, but merely suggested it in passing). Thus, counsel did not

overemphasize an improper argument. Admittedly, the trial court did not take any

specific curative action, instead overruling Plaintiff's objection and giving

Wal-Mart's improper remark the court's imprimatur. *Cf. Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992). Nonetheless, Plaintiff has not shown that the improper remark had a prejudicial effect on the ultimate verdict, given the number of other disputed issues in the case. When viewed in the context of the entire closing, Wal-Mart's counsel's remark about the lack of testimony on safety mats does not warrant reversal.

Plaintiff also contends that reversible error occurred based on Wal-Mart's argument that no similar incidents had occurred at any stores managed by Allen Jeffers. Plaintiff argues that Wal-Mart failed to produce requested documents relating other incidents at Wal-Mart stores and, thus, should not have been permitted to argue that no other incidents had occurred. Wal-Mart argues that it produced a print-out of incidents that were potentially similar, and gave Plaintiff the opportunity to request additional documentation for any incident that appeared relevant.

Plaintiff belatedly brought her discovery complaints to the court's attention during the trial. The court observed: "I'm not ascribing any fault to either party, either in failing to produce what has been anticipated or failing to ask for it specifically. But we're in the middle of a trial, and I'm -- I'm not exactly sure how to proceed until I see what, if anything, out of the 95 [incident reports] would more directly relate to that issue." The court asked Plaintiff's counsel to review the provided incident reports and identify those requiring additional

consideration by the court, and why.  Counsel failed to do so.  The issue here, however, is not whether Plaintiff received all of the documents that she requested, but whether Wal-Mart's argument was improper and whether it obviously prejudiced Plaintiff.  Wal-Mart's argument was a reasonable inference from evidence in the record and was not calculated to arouse the sympathy of the jury. *See Whittenburg*, 561 F.3d at 1128-29.  Accordingly, this argument was not improper.  Moreover, we find that Wal-Mart's argument about the lack of prior incidents at Allen Jeffers' stores was not overemphasized, nor did it appear to have an effect on the verdict so as to require reversal.  Thus, Plaintiff was not obviously prejudiced by improper argument, and is not entitled to reversal on that basis.

*Spoliation of Evidence*

A trial court's refusal to grant sanctions for spoliation of evidence is reviewed for abuse of discretion.  *103 Investor I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006).  Sanctions for spoliation of evidence are appropriate when the party had a duty to preserve the evidence because it knew or should have known litigation was imminent, and the other party was prejudiced by the destruction of the evidence.  *Id.*  The party seeking sanctions for spoliation need not show that the other party acted in bad faith.  *Id.*  An instruction on adverse inference may be an appropriate sanction for spoliation of evidence.  *See id.*

Plaintiff filed a pretrial motion for sanctions based on spoliation of

-14-

evidence, and asked the trial court to give an adverse inference instruction. The trial court took Plaintiff's motion under advisement, but permitted Plaintiff to present evidence regarding the unavailability of store surveillance videotapes. The trial court did not issue a written order on Plaintiff's motion for spoliation, but stated that Plaintiff failed to establish bad faith or intentional concealment, and declined to give an adverse inference jury instruction based on spoliation of evidence.

Plaintiff contends that the trial court's refusal to give an adverse inference instruction based on spoliation of evidence amounts to reversible error. To warrant an adverse inference instruction, Plaintiff would have been required to show that Wal-Mart knew or should have known that litigation was imminent, and that she was prejudiced by the destruction of evidence. *See 103 Investor I, L.P.*, 470 F.3d at 989. While the trial court stated otherwise, Plaintiff was not required to show that Wal-Mart acted in bad faith or intentionally destroyed evidence.

Wal-Mart contends that Plaintiff requested only the tapes that captured the incident, and because none of the tapes showed Plaintiff's fall, Wal-Mart did not preserve them. Even if Wal-Mart knew or should have known that litigation was imminent, the trial court did not abuse its discretion by failing to give an adverse inference instruction. Steve Luken, the Wal-Mart employee who reviewed the tapes, testified that the incident was not captured by the security cameras. Plaintiff has argued that, while the tapes may not have shown the fall, they might

have provided evidence that Wal-Mart employees did not perform regular sweeps of the store to monitor safety conditions. Wal-Mart is not expected to be prescient; it reviewed its tapes as specifically requested by Plaintiff and nothing suggests it failed to preserve evidence of the fall. In any event, Plaintiff cannot show that the availability of the tapes would have changed the outcome of the trial. Accordingly, the trial court did not abuse its discretion by finding that an adverse inference instruction was not warranted.

*Cumulative Error*

Finally, although Plaintiff does not specifically argue cumulative error, she does claim that, taking all of the errors together, she did not get a fair trial. However, because we have identified only one harmless error, the juror issue, cumulative error is not applicable. *See United States v. Rogers*, 556 F.3d 1130, 1144 (10th Cir. 2009) (holding that the purpose of cumulative error review is to address the cumulative effect of two or more individually harmless errors).

Accordingly, the judgment is AFFIRMED in all respects.

Entered for the Court


Claire V. Eagan
District Judge


-16-