77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Abraham RAMIREZ, Plaintiff-Appellant,
v.
IBP, INC., Defendant-Appellee.
 No. 94-3226.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and ELLISON, Senior District Judge.[2]
 
 
 2
 Abraham Ramirez brought suit in the United States District Court for the District of Kansas against his former employer, IBP, inc., hereinafter referred to as IBP, for the tort of "retaliatory discharge." Jurisdiction was based on diversity of citizenship, 28 U.S.C. 1332, Ramirez being a citizen of Kansas residing in Garden City, Kansas, and IBP being a citizen of Delaware, with its principal office in Nebraska. In a trial to a jury, the district court, after Ramirez had rested his case, granted IBP's motion under Fed.R.Civ.P. 50 for judgment as a matter of law and entered judgment for IBP. Ramirez appeals. We reverse.
 
 
 3
 In his complaint, Ramirez alleged that he began working for IBP at its meat packing plant in Holcomb, Kansas on January 10, 1989 and that he was discharged from that employment on or about December 6, 1990. He further alleged that he sustained a series of work-related injuries to his back and right shoulder beginning in November 1989 and continuing to the date of his termination on December 6, 1990.[3]
 
 
 4
 The gist of Ramirez' claim for retaliatory discharge is set forth in paragraph 12 of his complaint, and reads as follows:
 
 
 5
 In anticipation of Mr. Ramirez' claim for workers' compensation benefits in the future, as a result of his temporary inability to fully perform job duties beyond his physical ability at a satisfactory level because of his work-related injuries, and the cost of plaintiff's possible medical treatment to defendant, defendant terminated plaintiff's employment with IBP, Inc. on or about December 6, 1990.
 
 
 6
 As concerns possible future "worker compensation benefits," Ramirez alleged in paragraph 6 of his complaint that "[a]s a result of Mr. Ramirez' work-related injuries, he was able to exercise rights under the Kansas Workers' Compensation Act, K.S.A. 44-501, et seq. ..."[4]
 
 
 7
 By answer, IBP admitted or denied the various allegations in Ramirez' complaint and affirmatively alleged that Ramirez "was terminated as a result of the application of defendant's neutral employment policy justified by legitimate business reasons." We specifically note that in its answer IBP denied, inter alia, the allegations in the complaint to the effect that as a result of his back-related injuries, Ramirez was temporarily unable to perform his work satisfactorily.
 
 
 8
 The chronology of this litigation is somewhat convoluted. Unfortunately, however, the chain of events must be set forth, at least in some detail, if the reader is to understand the matters at issue and our disposition thereof. The complaint was filed on December 4, 1992, some two years after Ramirez' discharge. IBP filed its answer on February 16, 1993. By order of September 8, 1993, the district court set October 30, 1993 as the deadline for filing "dispositive motions" and ordered that "opposing suggestions" be filed on or before November 15, 1993. On November 2, 1993, IBP filed a Motion for Summary Judgment, together with a supporting memorandum. On November 19, 1993, Ramirez filed a Motion to Strike IBP's Motion for Summary Judgment, together with a supporting memorandum, pointing out that the Motion for Summary Judgment was not filed within the October 30, 1993 deadline.
 
 
 9
 On November 22, 1993, IBP filed a response to Ramirez' Motion to Strike IBP's Motion for Summary Judgment. Two days later, on November 24, 1993, the district court, apparently unaware of Ramirez' Motion to Strike and IBP's response thereto, granted IBP's Motion for Summary Judgment. In so doing, the district court, in its order, stated that IBP's Motion for Summary Judgment "is unopposed," noting that under local court rules the failure to file a brief or response within the time specified constitutes a waiver of the right to file such. In this connection, the district court added that "[i]f the non-moving party fails to file a response within the time required, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."
 
 
 10
 On December 6, 1993, Ramirez filed a Motion for Reconsideration, together with a supporting memorandum, wherein he asked the district court to reconsider its order of November 24, 1993. Apparently several hearings were held in connection with Ramirez' Motion for Reconsideration, which culminated in the district court's order of January 7, 1994. In that order the district court spoke as follows:
 
 
 11
 On November 24, 1993, the Court entered an order which sustained Defendant IBP, inc.'s Motion for Summary Judgment (Doc. # 53). On the merits, the Court finds that it would overrule that motion. Plaintiff has filed a Motion for Reconsideration (Doc. # 64), which is under advisement. At this point, the Court's plan is to proceed with a trial on the merits, and the case is now set (# 5) on the docket beginning January 18, 1994. If the jury should return a verdict for plaintiff, the Court will determine whether judgment as a matter of law should be entered in favor of defendant, based upon the Court's earlier holdings with respect to IBP's motion for summary judgment.
 
 
 12
 So, although the district court had granted summary judgment in favor of IBP on November 24, 1993, which judgment was not vacated by the district court in its order of January 7, 1994, the case nonetheless came on for trial before a jury on January 24, 1994. At the conclusion of Ramirez' case, IBP moved for judgment as a matter of law under Fed.R.Civ.P. 50. After much colloquy, mainly between the court and Ramirez' counsel, the district court granted this motion on January 26, 1994 and apparently entered judgment on the same date.
 
 
 13
 On January 31, 1994, however, the district court entered the following order:
 
 
 14
 The Judgment entered in this case on January 26, 1994, (Doc. # 118) is vacated, pending the decision of the Court on plaintiff's Motion for Reconsideration, (Doc. # 64).
 
 
 15
 On March 3, 1994 after hearing, the district court entered an order granting, "on certain conditions," Ramirez' Motion for Reconsideration of the district court's order of November 24, 1993, which granted IBP's Motion for Summary Judgment. In so doing, the district court stated that Ramirez' counsel had failed to establish "any justification for relief under Rule 60(b)(1)." However, without explanation, the district court then stated that its order of November 24, 1993 "should be vacated," but only on certain conditions, and then spelled out the conditions. The gist of the conditions was that Ramirez' counsel, and his firm, were jointly and severally required to reimburse IBP "for all costs, expenses and attorney's fees associated with the filing, hearing and briefing of plaintiff's Motion to Strike (Doc. # 59) filed November 19, 1993," and that such sum should be paid in full within ten days after the court determined the amount to be paid. On March 8, 1994 Ramirez' counsel filed a Notice of Appeal.
 
 
 16
 On March 16, 1994, IBP filed a motion requesting attorney's fees and costs in the amount of $5,287.15. After hearing, the district court on May 23, 1994 allowed IBP attorney's fees and costs in the sum of $3,696.15 and denied Ramirez' request for a stay. On June 6, 1994, Ramirez' counsel having apparently paid IBP the sum of $3,696.15, the district court reentered its earlier order granting IBP's motion for judgment as a matter of law under Rule 50, and entered judgment for IBP. Ramirez filed a second Notice of Appeal on July 5, 1994.
 
 
 17
 The first issue to be addressed on appeal is whether the district court erred in granting IBP's motion under Rule 50 for judgment as a matter of law made after Ramirez rested his case. When Ramirez rested his case, defense counsel said, "You want to hear a motion, your Honor?" To which inquiry the court replied, "Well, if you'd like to make one." Then defense counsel, as concerns the claim based on retaliatory discharge, stated: "Your Honor, at the close of plaintiff's case, the defendant moves that this matter be dismissed on the basis that the plaintiff has not made a case, a prima facie case, as a matter of law." Nothing more.
 
 
 18
 Certainly, in this regard, defense counsel did not comply with Rule 50(a)(2), which states that such motion should "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." It was at this point that the district court, sua sponte, indicated to counsel for Ramirez that it was concerned with the question of whether on the date of his discharge, December 6, 1990, Ramirez could perform his work assignment with IBP or some similar type work with IBP. Ramirez' counsel responded that such issue was outside the pretrial order and that in any event, there was evidence that notwithstanding his back problem, Ramirez was still on the job and working when he was discharged. Thereafter there was extended colloquy between the district court and Ramirez' counsel, with defense counsel more or less on the sidelines.
 
 
 19
 Be all that as it may, the end result was that the district court granted IBP's motion for judgment as a matter of law. The district court held that Ramirez failed to show an essential element of his cause of action for retaliatory discharge, that element being that on December 6, 1990, he was physically able to perform his job assignment or a comparable position.
 
 
 20
 In a pretrial order issued by the district court on October 18, 1993, the district court described the "Issues of Fact" to be resolved at trial as follows:
 
 
 21
 7. ISSUES OF FACT.
 
 
 22
 The following are the remaining ultimate and controlling issues of fact in dispute:
 
 
 23
 a. Whether defendant discharged plain-tiff from his employment in retaliation for having anticipated plaintiff would file and pursue a workers' compensation claim against defendant or for exercising his right under Kansas workers' compensation laws;
 
 
 24
 b. Whether or not defendant violated their own practices as set out in 4. (18) by their termination of Mr. Ramirez' employment;
 
 
 25
 c. Whether the conduct of defendant toward plaintiff is willful, wanton, intentional or fraudulent;
 
 
 26
 d. Whether defendant negligently or intentionally inflicted emotional distress upon plaintiff;
 
 
 27
 e. Causation;
 
 
 28
 f. Nature and extent of any alleged damages;
 
 
 29
 g. The extent to which plaintiff has failed to mitigate damages, if any;
 
 
 30
 h. The amount of punitive damages, if any;
 
 
 31
 i. Whether certain rules, regulations and practices of defendants discourage employees from pursuing workers' compensation benefits;
 
 
 32
 j. Whether defendant engages in a pattern and practice to deny and restrict injured employees' access to workers' compensation benefits to minimize its losses.
 
 
 33
 As indicated, the basis for the district court's granting judgment as a matter of law to IBP was that Ramirez in his case in chief had failed to show, prima facie, that on the date of discharge, December 6, 1990, he was physically capable of performing his work assignment at IBP. However, so far as we can tell from the record before us, that particular matter was not set forth in the pretrial order as one of the issues of fact to be resolved at trial.[5] Certainly, whether on December 6, 1990, Ramirez was, or was not, physically capable of performing his work assignment would be a fact issue. In this general regard, it should be noted that IBP's basic defense, as indicated in its motion for summary judgment and in its memorandum in support thereof, was that Ramirez was discharged because of poor work. IBP also stated that none of the individuals involved in Ramirez's discharge knew of his back injuries or that he intended to file for workmen's compensation benefits under Kansas law.[6] Be that as it may, we know that Ramirez was still on the job site, and working at his conveyer belt, when he was fired. Even though he had a back injury, Ramirez' position at trial was that he adequately performed his work but was constantly "picked on" by his supervisors. In our view, such being the case, the district court improvidently granted IBP's Rule 50 motion. Further, when faced with the granting of a Rule 50 motion, Ramirez sought to reopen and present more evidence on the issue raised, sua sponte, by the court, though not set forth in the pretrial order, and the request was denied.
 
 
 34
 The parties agree that Ramirez' employment with IBP was employment at will and could, under Kansas law, be terminated by either party at any time, with or without reason or cause. However, IBP concedes that there is an exception to the employment-at-will rule where an employer discharges an employee in retaliation for the employee's filing a claim under state law for workman's compensation benefits. See Murphy v. City of Topeka-Shawnee County Dept. of Labor Services, 630 P.2d 186 (Kan.Ct.App.1981), where the Kansas Court of Appeals held that an at-will employee who was discharged because he filed a state workman's compensation claim had a tort action for retaliatory discharge against the employer which could support an award for both actual and punitive damages.
 
 
 35
 It would also appear that the same exception to the general rule applies to the situation where an employer discharges an employee in anticipation that the employee intends to seek workman's compensation benefits, which, in our case, Ramirez did. See Courter v. K-Mart Corp., 1988 WL 219717 (D.Kan.1988) where a federal district court in the District of Kansas in a diversity action denied the defendant's motions for summary judgment on plaintiff's claim in tort for retaliatory discharge, holding that Kansas has recognized the tort of retaliatory discharge since Murphy v. City of Topeka, supra. In Courter, as in the instant case, the employee as of the date of his discharge had not filed a claim for workman's compensation benefits, but did so file after his discharge.
 
 
 36
 In granting IBP's motion for judgment as a matter of law, the district court stated that the essential elements of a claim based on retaliatory discharge are as follows:
 
 
 37
 THE COURT: Well, here's--I mean, I propose to instruct the jury, if we go down the road, that in order to find in favor of Mr. Ramirez, you must find that the following are more probably true than not true: One, that prior to his discharge, plaintiff suffered a work-related injury which might form the basis for a workers' compensation claim in the future. Two, that IBP knew that plaintiff had suffered a work-related injury. Three, that IBP fired Mr. Ramirez because of that fact. And, four, that at the time of his discharge, plaintiff was physically capable of performing his current job with IBP or some other position which IBP had available at that time.
 
 
 38
 However, in Courter v. K-Mart Corp., 1988 WL 219717 (D.Kan.), a federal district court in Kansas stated that, under Kansas law, the essential elements to a claim of retaliatory discharge were as follows:
 
 
 39
 Kansas has recognized the tort of retaliatory discharge since 1981. See Murphy v. City of Topeka, 6 Kan.App.2d 488, 630 P.2d 186 (1981). To sustain a claim of retaliatory discharge, plaintiff must establish three elements: (1) the employee participated in a statutorily protected activity; (2) adverse employment action was taken against the employee; and (3) a causal connection exists between the employee's protected activity and the adverse employment action. See, e.g., McKinney v. Dole, 765 F.2d 1129, 1143 (D.C.Cir.1985).[7]
 
 
 40
 The district court cited no authority in concluding that in the instant case, Ramirez must prove that on the date of his discharge he was physically able to perform his work assignment, or a comparable job with IBP which was available. On appeal, counsel for IBP relies on Rowland v. Val-Agri, Inc., 766 P.2d 819 (Kan.Ct.App.1988) and Raymond v. Archer Daniels Midland Co., 762 F.Supp. 901 (D.Kan.1991). Such reliance is misplaced.
 
 
 41
 The employer in Rowland had a company policy to terminate employees who for any reason took six consecutive months' leave, and the employee in Rowland was terminated for violating that rule. The employer in Raymond terminated an employee who had been off work for more than twelve months. A provision in a collective bargaining agreement provided that an employee who was off work for twelve consecutive months for any reason, including illness or injury, excepting military service, could be terminated. In our case, Ramirez was fired when he was on the job performing, or attempting to perform, his work duties. We do not regard either Rowland or Raymond as changing the essential elements in a claim for retaliatory discharge as outlined in Courter v. K-Mart Corp., supra.
 
 
 42
 Based on the foregoing discussion, we have doubt that an essential element of Ramirez' retaliatory discharge action was that on December 6, 1990, he was physically capable of performing his work assignment.[8] However, as indicated, that particular issue was not really before the court since it was not in the pretrial order. Such, we note, was consistent with IBP's basic position: (a) in its answer IBP denied that Ramirez was even temporarily unable to do his work, and; (b) in connection with its motion for summary judgment, IBP claimed that Ramirez had the ability to do his work and was fired on the grounds of poor work performance, and nothing else. In any event, this matter can be more fully considered on remand. Even assuming that Ramirez' ability to do his job on December 6, 1990 was an issue in the case, the district court, on the record before it, erred in concluding as a matter of law that he could not so work. All things considered, we reverse the district court's judgment for IBP under Rule 50.
 
 
 43
 Ramirez also challenges in the present appeal the district court's order of March 3, 1994. In that order, the district court granted Ramirez' Motion for Reconsideration of the summary judgment entered for IBP on November 24, 1993, but attached "conditions" thereto, namely that counsel and his firm pay costs and attorney's fees incurred by IBP in resisting Ramirez' motion to strike IBP's motion for summary judgment.
 
 
 44
 Having reversed the district court's final judgment of June 6, 1994, which granted judgment as a matter of law for IBP, it would seem to follow that the order of March 3, 1994 should be vacated for reconsideration in the light of changed circumstances. The two matters are, to us, interrelated. In the first place, we agree with Ramirez that better practice would suggest that his Motion for Reconsideration should have been ruled on, "up or down," before impaneling a jury and proceeding with a jury trial. Further, although both IBP's motion for summary judgment and Ramirez' motion to strike IBP's motion for summary judgment were untimely, the district court seemed to focus almost entirely on the actions of Ramirez' counsel, quickly concluding that Ramirez could show no prejudice as a result of IBP's untimely filing. Also, the district court apparently took into consideration counsel's conduct in other cases known to the district court in the instant case. In any event, we direct the district court to vacate its order of March 3, 1994, and reconsider the matter. We also direct the district court to rule, once and for all, on Ramirez' Motion for Reconsideration before proceeding to possible trial by jury.
 
 
 45
 In view of our disposition of this appeal, other matters raised on appeal by Ramirez are moot.
 
 
 46
 Judgment reversed, and case remanded for further proceedings consonant with the views herein expressed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Honorable James O. Ellison, Senior District Judge, Northern District of Oklahoma, sitting by designation
 
 
 [3]
 In addition to his claim in count 1 for retaliatory discharge, Ramirez alleged in count 2 of his complaint that IBP, because of its retaliatory discharge, negligently or intentionally inflicted on him emotional distress for which he asked for punitive damages. Count 3 of the complaint seems to be a variation of count 1 and apparently alleges retaliatory discharge resulting from company policies and practices
 
 
 [4]
 Jumping ahead, it appears that after his discharge by IBP on December 6, 1990, Ramirez applied for and received temporary total disability benefits for 53 weeks, totaling $14,719.38, and in addition received certain vocational rehabilitation benefits
 
 
 [5]
 We are advised that neither party submitted to the district court, prior to trial, a proposed instruction stating that an essential element of Ramirez' claim for retaliatory discharge was that he was physically capable on December 6, 1990, the date of his discharge, to perform his work assignments at IBP
 
 
 [6]
 In the "Suggestions in Support of Defendant IBP, inc.'s Motion for Summary Judgment," IBP stated, inter alia, that Doug Bolton, the personnel manager who terminated Ramirez, had been informed by Ramirez' supervisor that Ramirez was "performing substandard work, letting his product go by and not even attempting to do his work," and that Mr. Bolton had been "assured that plaintiff had the ability to do his work." In those same "Suggestions" it was asserted that "plaintiff's employment was terminated on the grounds of poor work performance and for no other reason."
 
 
 [7]
 In accord with Courter, the federal district court in Kansas in Ortega v. IBP, inc., 1994 WL 373888 (D.Kan.), held that in order to establish, prima facie, a case of retaliatory discharge a plaintiff must show the following:
 (1) that he filed a claim for workers' compensation benefits or sustained an injury for which he might assert a future claim for such benefits; (2) that IBP had knowledge of plaintiff's compensation claim or the fact that he had sustained a work-related injury for which he might file a future claim for benefits; (3) that IBP terminated his employment; and (4) that a causal connection existed between the protected activity or injury, and the termination. See Courter v. K-Mart Corp., 1988 WL 219717, * 3 (D.Kan.1988); Pilcher v. Board of Wyandotte Co. Commissioners, 14 Kan.App.2d 206, 213, 787 P.2d 1204 (1990).
 
 
 [8]
 Assuming for the sake of argument that Ramirez on the date of his discharge was not physically capable of performing his usual duties at IBP, and was temporarily incapable of doing so because of injury sustained on the job, it would seem that under the rationale of Murphy v. City of Topeka, supra, he would have a cause of action for retaliatory discharge against IBP if he could show that he was fired because he was in the process of filing a claim for compensation benefits under Kansas law