**UNITED STATES COURT OF APPEALS**
**Filed 10/17/96**
**TENTH CIRCUIT**

MARIA S. VELAZQUEZ,

      Plaintiff-Appellant,

v.

IBP, INC.,

      Defendant-Appellee.

No. 95-3239
(D.C. No. 94-4015-SAC)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge; **PORFILIO** and **LUCERO**, Circuit Judges.

Appellant Maria Velazquez brought this retaliatory discharge suit against her former employer, IBP, Inc., alleging she was fired for pursuing workers' compensation remedies and for absences due to work-related injuries. The district court entered summary judgment in favor of IBP. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In May 1988, Ms. Velazquez was hired as a lifter meat trimmer at IBP's meat processing facility in Emporia, Kansas. After approximately five months, Ms. Velazquez complained of pain in her left hand and wrist. Upon recommendation by her supervisor, Ms. Velazquez switched to a packaging position. Several months later, Ms. Velazquez began to experience back pain. Because of this back pain, she was reassigned to a light-duty position in the "hamburger department."

In March 1989, Ms. Velazquez filed her first claim for workers' compensation benefits for her back pain. However, the Administrative Law Judge found she was not entitled to temporary total disability compensation. In May 1990, Ms. Velazquez filed a second claim for workers' compensation benefits after sustaining additional injuries. This second claim was denied as well.

Because of her continued back pain, Ms. Velazquez sought time off to recuperate, but IBP apparently refused her request. She then asked her physician to put her on early maternity leave, and he did so. In October 1990, Ms. Velazquez returned from her maternity leave. However, she continued to experience pain. In February 1991, Ms. Velazquez sought treatment for her back pain from a chiropractor who recommended she discontinue work for three to six months.

On February 4, 1991, Ms. Velazquez contends she provided a copy of her chiropractor's recommendations to IBP's Workers' Compensation Coordinator. The Coordinator allegedly told Ms. Velazquez either to do her job or go home until IBP called

her back to work. IBP denies this conversation ever took place. Nevertheless, Ms. Velazquez claims after this alleged conversation, she left IBP and returned home. Ms. Velazquez never returned to work. One year later, on February 3, 1992, she received a letter of termination from IBP. The letter indicated Ms. Velazquez was fired for violating IBP's leave of absence policy by failing to return to work within a twelve month period.

Subsequently, Ms. Velazquez filed suit in the United States District Court for the District of Kansas alleging IBP fired her in retaliation for pursuing workers' compensation benefits. While discovery was ongoing, IBP moved for summary judgment.

After denying her request to postpone ruling until further discovery was completed, the district court granted IBP's motion. The court found Ms. Velazquez was unable to demonstrate she was capable of performing work available at IBP. Moreover, the court held Ms. Velazquez failed to identify any evidence indicating she was fired in retaliation for filing workers' compensation claims rather than for violation of IBP's attendance policy.

On appeal, Ms. Velazquez argues summary judgment was inappropriate. She contends, first, she presented a prima facie case of retaliation by IBP. Second, Ms. Velazquez asserts there was sufficient evidence of her ability to work. Finally, she argues discovery was incomplete, and the district court should have stayed the summary judgment motion pending further discovery. Summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a summary judgment motion, we view the evidence in the light most favorable to the non-moving party. However, the non-moving party may not "rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Instead, the non-moving party must set forth "specific facts" indicating there is a genuine issue for trial. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

To establish a prima facie case of retaliatory discharge under Kansas law, Ms. Velazquez must show: (1) she filed a claim for workers' compensation benefits or sustained an injury for which she might assert a future claim for benefits; (2) IBP had knowledge of her compensation claim or the fact that she had sustained a work-related injury for which she might later assert a claim for benefits; (3) IBP terminated her employment; and (4) a causal connection existed between the protected activity or injury and the termination. *See, e.g., Ramirez v. IBP, Inc.*, 1996 WL 80452 (10th Cir. (Kan.)) (quoting *Ortega v. IBP, Inc.*, 1994 WL 373888 (D. Kan)).

- 4 -

After reviewing the record, we conclude Ms. Velazquez failed to prove the fourth element of her prima facie case. There is simply no evidence of any causal connection between Ms. Velazquez' filing of her workers' compensation claims and her termination.

Under Kansas law, an employee may demonstrate a causal connection by showing either the employer required the employee to abandon her workers' compensation claim to retain her employment or that the discharge was based upon the employee's absences due to work-related injuries rather than upon an employer's neutral attendance policy. *See, e.g., Marinhagen v. Boster, Inc.,* 17 Kan. App.2d 532, 538, 840 P.2d 534, 539 (1992). Citing a plethora of retaliatory discharge cases in which IBP was a defendant, Ms. Velazquez contends she presented evidence IBP has exhibited a pattern or practice of firing employees who file workers' compensation claims. Ms. Velazquez also submitted evidence from supervisors at IBP suggesting IBP's upper management is encouraged to terminate injured employees because the company is self-insured for workers' compensation and monitors the cost of employee injuries. She suggests this evidence is sufficient to illustrate a causal connection between her termination and the filing of her workers' compensation claims.

Even ignoring the fact that the vast majority of the cases cited by Ms. Velazquez were decided in favor of IBP on summary judgment, we nevertheless find Ms. Velazquez failed to set forth any evidence of retaliation *in this case*. We agree with the district court's conclusion that the mere existence of a company program to decrease workers'

compensation costs is, standing alone, insufficient to provide the causal connection necessary to establish a prima facie case of retaliatory discharge.

Ms. Velazquez has not presented specific facts demonstrating IBP terminated her for anything other than a violation of the company's one-year leave of absence policy. Under Kansas law, an employer is permitted to discharge an injured employee pursuant to a neutral attendance policy, even if the employee has a work-related injury or has filed a workers' compensation claim. ***Sanjuan v. IBP, Inc.***, 919 F. Supp. 378, 380-81 (D. Kan. 1996).

Here, Ms. Velazquez argues IBP's leave of absence policy is irrelevant because she was never officially placed on leave. She further contends she was unaware of IBP's leave of absence policy and did not realize IBP treated her as if she had taken a leave of absence.

We are unpersuaded. The evidence indicates Ms. Velazquez received information about IBP's personnel policies during orientation shortly after she was hired. Moreover, it is undisputed Ms. Velazquez never contacted IBP in the year during which she contends she was on work-related injury leave. Ms. Velazquez presented no evidence IBP would have refused to allow her to return to work had she sought to return within the one-year period. Nor did she present evidence IBP would have conditioned such a return upon the termination of her workers' compensation claims.

In short, Ms. Velazquez' retaliation claim must fail because she has not established any connection between the filing of her workers' compensation claims and IBP's termination. This decided, we need not reach the question presented by Ms. Velazquez' second claim, whether there was sufficient evidence of her ability to work.

Similarly, Ms. Velazquez' third claim is meritless. She contends the district court should have stayed IBP's summary judgment motion until further discovery was completed. However, Ms. Velazquez did not file a Fed. R. Civ. P. 56(f) affidavit. This court has held, "[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986). After reviewing the record, we find no abuse of discretion here.

**AFFIRMED**.

                                   **ENTERED FOR THE COURT**

                                   **John P. Porfilio**
                                   **Circuit Judge**