F I L E D
United States Court of Appeals
Tenth Circuit

DEC 10 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABRAHAM RAMIREZ,

      Plaintiff-Appellant,

v.

IBP, INC.,

      Defendant-Appellee.

No. 96-3320
(D.C. No. 92-CV-2467-KHV)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, Circuit Judge, **KELLY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

On January 10, 1989, Abraham Ramirez, a citizen of Kansas residing in Garden City, Kansas, commenced employment with IBP, Inc., a citizen of Delaware, in its meat packing plant in Holcomb, Kansas. On December 6, 1990, IBP terminated his employment. On December 4, 1992, Ramirez filed an action against IBP in the United States District Court for the District of Kansas, alleging that IBP, anticipating that he was about to file a claim under Kansas workers' compensation law for work-related injuries,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fired him in retaliation therefor. Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332. By answer, IBP denied that it discharged Ramirez in retaliation and alleged that it discharged Ramirez "as a result of the application of defendant's neutral employment policy justified by legitimate business reasons."

This case has now been tried twice to a jury. In the first trial, after Ramirez had rested his case, IBP moved for judgment under Fed. R. Civ. P. 50. The district court granted that motion and ultimately entered judgment to that effect. On appeal, in an unpublished Order and Judgment, we reversed the judgment of the district court and remanded the case to the district court for further proceedings. Our Order and Judgment appears as *Ramirez v. IBP, Inc.,* No. 94-3226, 1996 WL 80452 (10th Cir. Feb. 26, 1996) and our decision is referenced in a Table of Decisions Without Published Opinions at 77 F.3d 493 (10th Cir. 1996).[1]

At the second trial of the matter, the jury on July 12, 1996 returned a verdict in favor of IBP. On July 12, 1996, judgment was entered. As indicated, Ramirez' theory of

---

[1]The basis for the district court's grant of judgment for IBP as a matter of law was that Ramirez had not shown that on the date of his discharge, December 6, 1990, he could physically perform his work assignment with IBP or some similar type of work with IBP. That issue was raised by the district court, *sua sponte,* --- not by IBP and was not mentioned in the pre-trial order. Accordingly, we reversed the judgment of the district court on the basis that such issue was not properly before the district court. Prior to the second trial of this matter, counsel for IBP advised the district court that it was not contending that on December 6, 1990, Ramirez was incapable of performing his work assignment with IBP, contending, rather, that "I think it may be an issue as far as damages, his ability to work, *et cetera*, but our position is that he was able to do the job he was assigned to. He just was not doing it properly. . . ."

the case was that, because he was about to file a workers' compensation claim under Kansas law against IBP based on numerous work-related injuries which interfered with his job performance, IBP fired him in retaliation therefor. IBP's theory of the case was that it fired Ramirez because of his poor work record resulting in progressive disciplinary action ultimately resulting in his discharge, and that it had not discharged him out of retaliation.[2]

After entry of judgment for IBP, Ramirez filed a motion for new trial pursuant to Fed. R. Civ. P. 59. So far as we can tell, that motion is not in the record before us. However, the district court's memorandum and order denying Ramirez' motion for a new trial is in the present record. In that order the district court described the matters urged in that motion as follows:

> Plaintiff asserts that the Court erred in excluding evidence that (1) defendant self-insures workers' compensation claims; (2) defendant retains in-house counsel to handle workers' compensation claims; and (3) defendant sets annual goals with respect to workers' compensation claims. Plaintiff also argues that the Court should have stricken for cause a potential juror who worked for a company that does business with defendant.

In the order denying Ramirez' motion for a new trial, the district court held that the "evidence" which Ramirez claimed was improperly excluded at trial "was not probative

---

[2]The IBP employee who decided to discharge Ramirez and who actually discharged him, testified that at the time of Ramirez' discharge he did not know that Ramirez was suffering from any work related injuries or was contemplating filing a claim under Kansas compensation law.

of defendant's intent to retaliate against plaintiff." Specifically, the court spoke as follows:

> Prior to the trial, the Court sustained defendant's motion in limine with respect to evidence that defendant is self-insured and retains in-house counsel to handle workers' compensation claims. The Court found that such evidence was not probative of defendant's intent to retaliate against plaintiff. Plaintiff did not sufficiently demonstrate the relevance of such evidence at that time, and he cites nothing additional to convince the Court that it erred in excluding it.
>
> As to evidence that defendant sets annual goals with respect to workers' compensation claims, the Court provided ample opportunity for plaintiff to present evidence at trial of any such goals at the Finney County plant during the time that plaintiff worked there. Plaintiff was unable to do so. Thus, any prejudice resulting from lack of evidence on workers' compensation goals is a consequence of plaintiff's failure to produce sufficient evidence on this issue.

In his motion for a new trial Ramirez also apparently argued that the district court erred in denying a challenge for cause directed against a prospective juror who, in answer to voir dire, stated that his employer did substantial business with IBP. In any event, the district court rejected that argument with the following comment.

> Finally, plaintiff contends that the Court erred in not striking a potential juror who worked for a company that does business with defendant. Plaintiff asserts that the potential juror indicated that he did not know what would happen if he rendered a verdict against defendant and that he would rather not serve as a juror in the case. Plaintiff contends the challenged juror demonstrated a frame of mind which, subconsciously, would have prevented him from fairly assessing plaintiff's evidence. The Court questioned the potential juror at length. Based on his responses to questions whether he could fairly and impartially weigh the evidence,

- 4 -

the Court decided to leave him on the jury panel. The Court does not believe it erred in making that decision. Even if plaintiff is correct in his assertion that the Court should have stricken the potential juror, however, plaintiff's right to an impartial jury was not infringed because he exercised a peremptory challenge to remove the potential juror. See Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1123 (10th Cir. 1995). Thus, the error alleged by plaintiff is harmless. Id.

The district court's order denying Ramirez' motion for a new trial was entered on August 28, 1996. The judgment which Ramirez sought to have set aside by his motion for a new trial was entered on July 12, 1996. On September 27, 1996, within 30 days from the date the motion for a new trial was denied, i.e., August 28, 1996, as allowed by Fed. R. App. P. 3 and 4, Ramirez filed a timely notice of appeal "from the final judgment, for the defendant against the plaintiff, entered in this action on the 28th day of August, 1996."

In his motion for a new trial, Ramirez argued that the district court erred in precluding him from introducing evidence tending to show that IBP had a "financial motive" in discharging him in retaliation for an anticipated claim by Ramirez for compensation benefits under Kansas law.[3] Specifically, Ramirez claimed he was precluded from showing that IBP was "self-insured," used "in-house" counsel to defend claims for employee compensation benefits, and further that IBP had a company policy in

_____

[3]It would appear that on the date of his discharge Ramirez had not filed a claim for Kansas compensation benefits. Sometime thereafter, Ramirez did file such a claim and he did receive benefits, including vocational rehabilitation, for work-related injuries incurred at IBP.

offering "incentives" for trying to reduce industrial accidents in its packing plant, and claims therefor. As we understand it, counsel for Ramirez at the second trial of this case did establish that IBP used "in-house" counsel to defend claims for compensation benefits, and further that counsel made at least a brief inquiry as to the policy of IBP to try and reduce industrial accidents in their plant, and claims therefor. We agree with the district court that the fact that IBP was "self-insured," as opposed to purchasing compensation insurance, was of doubtful probative value bearing on the question of whether IBP discharged Ramirez because he might some time in the future file a claim for compensation benefits. When a trial judge excludes evidence, we, on appeal, will reverse only if the exclusion is an abuse of discretion that results in manifest injustice. *Thompson v. State Farm,* 34 F.3d 932, 939 (10th Cir. 1994).[4]

As indicated, the evidence showed that Ramirez was hired by IBP in January, 1989 and was discharged in December, 1990, and that from November, 1989 through November, 1990, Ramirez had numerous minor injuries incurred on the job. Further, the evidence established that for an extended period of time, prior to his discharge, Ramirez had been disciplined for his poor performance on the job. In view of the record before us, precluding Ramirez from showing that IBP was "self-insured" most certainly would not be reversible error.

_____

[4]The jury was instructed that "proof of defendant's retaliatory motive or purpose is essential to the plaintiff's claims of retaliation." There was no objection to that instruction, and, on appeal, Ramirez makes no challenge to any of the instructions given.

In his motion for a new trial, Ramirez also asserted that the district court erred in refusing to sustain his challenge for cause to a prospective juror. The juror in question, in response to voir dire, stated that his employer did "substantial business" with IBP, and indicated that such might affect his judgment to some degree. The district court then questioned the juror and satisfied itself that the person could serve, and denied Ramirez' challenge for cause. We note, as did the district court, that Ramirez later used one of his peremptory challenges on the juror in question, who, accordingly, did not serve on the jury which heard Ramirez' case. We find no error in the district court's handling of this matter. *See Getter v. Wal-Mart Stores, Inc.,* 66 F.3d 1119 (10th Cir. 1995). In that case we held that any error of the type here urged by Ramirez is "non-constitutional" in nature. In this general connection, we then went on to speak as follows:

> In this case, the challenged juror did not serve on the jury because plaintiff used a peremptory challenge to remove him. Plaintiff does not allege that the jury as seated was biased. Thus, the district court's refusal to remove Mr. Agin for cause did not have a "substantial influence on the outcome" of the trial, nor does it leave us "in grave doubt as to whether it had such effect." Because plaintiff's right to an impartial jury was not infringed by the district court's erroneous denial of the for-cause challenge, we hold that the error was hamrless. *See McIntyre,* 997 F.2d at 698 n. 7.

*Getter*, 66 F.3d at 1123.

Although apparently not raised in his motion for a new trial, Ramirez argues in this court that the district court erred in failing to preclude defense counsel from inquiring into Ramirez' work record <u>after</u> his discharge by IBP. It would appear that in his direct

examination Ramirez, himself, testified about his post termination employment. In any event, we find no error in this regard. An essential element of Ramirez' claim was that he had sustained "damage" as a result of his illegal discharge by IBP. Inquiry into Ramirez' work record subsequent to his discharge by IBP would seem to us to have bearing on the issue of the extent of any damages sustained by Ramirez, as well as whether Ramirez had, himself, taken reasonable steps to mitigate his damages.

Ramirez' "first language" is Spanish, and he has only a ninth grade education. Although not in his motion for a new trial, counsel asserts here that the district court erred in not using a translator to assist Ramirez at the second trial. Prior to the second trial of this matter at a pre-trial hearing, it was agreed that a translator would be available at trial to "assist," if necessary. The matter was not thereafter raised during the second trial. Suffice it to say, under such circumstances we find no error in this regard.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge