**UNITED STATES COURT OF APPEALS**
**Filed 10/11/96**
**TENTH CIRCUIT**

Cheryl L. Brown,

      Plaintiff-Appellant,

v.

Apertus Technologies, Inc., et al.,

      Defendants-Appellees.

No. 95-3199
(D.C. No. 94-CV-1394-PFK)
District of Kansas

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, **MURPHY**, Circuit Judge, and **MCWILLIAMS**, Senior Circuit Judge.

**MCWILLIAMS**, Senior Circuit Judge.

On October 16, 1992, Cheryl L. Brown and her husband, Robert L. Brown, filed a complaint in the United States District Court for the Eastern District of New York against Apertus Technologies, Inc. (Apertus), formerly known as Lee Data Corporation. Cheryl L. Brown (Brown) was employed from 1969 until the date she filed the complaint as a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

financial account representative by Southwestern Bell Telephone Company in Wichita, Kansas. While so employed, Brown used keyboard equipment manufactured by Apertus.

In her complaint, Brown alleged that, at all relevant times, Apertus knew or should have known that the equipment she used was defective in design in that it caused its users, including herself, to suffer repetitive stress injuries. Brown further alleged that the repetitive stress injuries incurred as a result of her use of Apertus' keyboards were "insidious in their onset" and that it was "not possible to identify precisely the precise date of the onset of symptoms." She did allege that in July 1990, she began to "experience some symptoms such as numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck and torso, with additional and new symptoms and injuries thereafter." Further, Brown alleged that in July 1991, she "received the diagnoses of or underwent surgery for the following condition(s), respectively: [b]ilateral carpal tunnel syndrome; and [c]orrective surgery for right carpal tunnel syndrome."

Brown asserted claims based on negligence and product liability. Robert L. Brown also asserted a claim for loss of services, society and consortium. Brown sought $1,000,000 as compensatory damages and Robert L. Brown asked for compensatory damages in the amount of $500,000. Each also asked for punitive damages in the sum of $10,000,000.

On November 25, 1992, Apertus filed a detailed answer to the complaint, and as an affirmative defense, alleged that the cause of action was time-barred by the applicable

statute of limitations.

Brown's action was consolidated with other keyboard product liability actions pending in the United States District Court for the Eastern District of New York. However, the Second Circuit Court of Appeals subsequently vacated the consolidation orders. *See In re Repetitive Stress Injury Litigation,* 11 F.3d 368 (2nd Cir. 1993). Thereafter, on motion of the defendants, Brown's action, and others, were severed and transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Kansas.

On December 16, 1994, Brown filed an amended complaint wherein she added Honeywell, Inc. as a defendant. In the amended complaint, Brown alleged, *inter alia*, that "[c]ommencing at the time of her initial employment and continuing thereafter while engaged in the operation of said machines in the manner they were intended to be used, the Plaintiff began to experience numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck, torso, and back with additional new symptoms thereafter."

Both Apertus and Honeywell, Inc. filed motions for summary judgment based on the statute of limitations. There was extensive discovery. On May 31, 1995, the district court granted defendants' motions, holding that Brown's action was time-barred under both the New York and Kansas statutes of limitations. Specifically, the district court noted that Brown began to experience symptoms of repetitive stress injuries as far back as

1969 and again in 1987, and had associated her injuries with her typing work. The present action was not commenced against Apertus until October 16, 1992, and Honeywell, Inc. was not added as a defendant until March 30, 1994, and the district court held that both the complaint and the amended complaint were filed beyond the periods allowed by the Kansas and New York statutes of limitations. Brown filed a timely notice of appeal.

As indicated, Brown was a citizen and resident of Kansas, and her injury occurred in the State of Kansas. Suit was brought, however, in the United States District Court for the Eastern District of New York, but was later transferred to the United States District Court for the District of Kansas. When applying the New York statute of limitations to an action arising outside of the state, the first step is to refer to New York's "borrowing statute." *See* N.Y. Civ. Prac. L & R § 202 (McKinney 1990). That statute provides as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

The parties agree that if Brown's cause of action is barred by either New York's statute of limitations (three years) or the Kansas statute of limitations (two years), then her claims are time-barred. As stated, the district court held that Brown's claims were time-barred by both the Kansas statute of limitations and the New York statute of

limitations.

As concerns the Kansas statute of limitations, counsel for Brown states in their brief that "[i]f defendants need only show under Kansas law that plaintiff knew she was injured through use of her keyboard more than two years prior to the filing of the Complaint, then defendants may have been entitled to summary judgment." However, counsel asserts such is not the test, and that under Kansas law the true test is whether the injured party knew, or could reasonably have been expected to know, "of the alleged negligence of defendants in designing their keyboards and in failing to warn plaintiff." In thus arguing, counsel relies on *Gilger v. Lee Constr., Inc.*, 820 P.2d 390 (Kansas 1991). In this connection Brown apparently filed an affidavit in which she stated that she did not know of possible negligent design of the equipment manufactured by the defendants until shortly before she filed her complaint.

This same argument, i.e. that the injured party did not know until shortly before filing the complaint that the defendants were negligent in the design of their keyboards, was recently considered, and rejected, by us in *Benne v. International Business Machine Corp.,* 87 F.3d 419 (10th Cir. 1996). Like the instant case, *Benne* was a repetitive stress product liability case involving a Kansas citizen and resident who allegedly incurred injuries from keyboard equipment while employed in Kansas. Benne, too, brought her action in the United States District Court for the Eastern District of New York, but her case was later transferred to the United States District Court for the District of Kansas,

which court granted summary judgment for the defendants, holding that the complaint was filed outside both the Kansas and New York statutes of limitation.

On appeal Benne argued that *Gilger* should lead to a reversal in her case because "she did not realize the keyboards had been negligently designed until 1992," which was within the Kansas two year statute of limitations. In *Benne*, we rejected that argument, and affirmed the grant of summary judgment.

In *Benne,* we held that under the New York "borrowing statute" the plaintiff's claims "must have been timely under both the limitations periods of New York and Kansas" if her claims were to "survive the Defendants' motion for summary judgment." The two-year statute of limitations contained in K.S.A. 60-513 provides in subsection (b) as follows:

> Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party. . . .

In *Benne,* the plaintiff interpreted language in *Gilger, supra,* and its predecessor, *Hecht v. First Nat'l. Bank & Trust Co.,* 490 P.2d 649 (Kansas 1971), "as setting forth the rule that a plaintiff's knowledge of the cause of her injuries is irrelevant until she realizes that the designer of the product may have acted negligently." *Benne*, 87 F.3d at 426. In rejecting such an interpretation of *Gilger* and *Hecht,* we, in *Benne,* spoke as follows:

- 6 -

We do not believe that the Kansas Supreme Court intended to establish the rule that a plaintiff could be fully aware of the cause of her injury, yet wait to bring a claim based upon negligent design some indeterminate time later when the plaintiff develops the thought that the defendant may have been negligent. Rather we believe the rule from Hecht is intended to give plaintiffs who suffer from latent or difficult to diagnosis injuries the same advantages as those plaintiffs whose injuries are immediately connectible to their source.

\* \* \* \* \*

Viewing the facts in the light most favorable to Benne, we conclude that she may not have become aware of the possibility that Defendants' negligence could have caused her injuries until as late as 1992, when she filed suit. Notwithstanding her lack of knowledge of the exact scientific nature of her injuries, until 1989, by as early as 1987, she knew her injury was associated with excessive typing on Defendants' keyboards. The statute of limitations commenced running at that time. Accordingly, Benne's claims should have been brought no later than 1989. We hold that the district court correctly concluded that Benne's cause of action was barred by the Kansas two-year statute of limitations.

As above stated, in her amended complaint, Brown alleged that she had experienced repetitive stress symptoms caused by her use of office machines manufactured by the defendants "[c]ommencing at the time of her initial employment" by Southwestern Bell. Further, in her deposition Brown stated that she experienced numbness and tingling in her wrist and fingers in 1987, which became more severe in July, 1990, and that she associated the symptoms with typing. Brown did not file her complaint until October 16, 1992, and accordingly her action is time-barred by the two

year Kansas statute of limitations.

Having concluded that Brown's complaint was time-barred by the Kansas two year statute of limitations, we need not here consider whether Brown's complaint was filed within New York's three year statute of limitations.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge