**UNITED STATES COURT OF APPEALS**
**Filed 10/11/96**
**TENTH CIRCUIT**

Annette McIntire,

      Plaintiff-Appellant,

v.

American Telephone & Telegraph Corp.,
et al.,

      Defendants-Appellees.

No. 95-3172
(D.C. No. 94-CV-1205-PFK)
District of Kansas

## ORDER AND JUDGMENT[*]

Before **TACHA**, Circuit Judge, **MURPHY,** Circuit Judge, and **MCWILLIAMS**, Senior Circuit Judge.

**MCWILLIAMS**, Senior Circuit Judge.

On April 21, 1993, Annette McIntire and her husband, Gale McIntire, both citizens and residents of Kansas, brought suit in the United States District Court for the Eastern District of New York against American Telephone & Telegraph Corporation (AT&T) and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

Apertus Technologies, Inc. (Apertus), formerly known as Lee Data Corporation. Annette McIntire (hereinafter McIntire) was employed as an operator by Southwestern Bell Telephone Company in Wichita, Kansas, from 1969 until the filing of her complaint. From 1980 on, she continuously used computer keyboard equipment manufactured by AT&T and Apertus.

In her complaint, McIntire alleged that the equipment manufactured by the defendants was defective in design and, because of that defect, caused its users, including McIntire, to suffer repetitive stress injuries. According to McIntire, her stress injuries were "insidious in their onset" and therefore she could not "identify precisely the precise date of the onset of symptoms." However, McIntire went on to allege in her complaint that in June 1990, she began to experience "some symptoms such as numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck and torso, with additional and new symptoms and injuries thereafter." McIntire further alleged that "[o]n or about December 1990; March 1991; and April 1991, [she] received the diagnosis of or underwent surgery for the following condition(s), respectively: bilateral carpal tunnel syndrome; surgery for right carpal tunnel syndrome; and surgery for left carpal tunnel syndrome."

McIntire asserted a claim based on negligence and a second claim based on product liability, and requested compensatory damages in the amount of $1,000,000. Her husband, Gale McIntire, asserted a claim for loss of services, society and consortium, and

sought $500,000 as compensatory damages. Each also sought an additional $10,000,000 as punitive damages. Apertus and AT&T filed detailed answers to the complaint and each alleged affirmatively that the claims were barred by the applicable statute of limitations.

McIntire's case was consolidated with other keyboard product liability actions pending in the United States District Court for the Eastern District of New York. The Second Circuit Court of Appeals subsequently vacated the consolidation orders. *See In re Repetitive Stress Injury Litigation,* 11 F.3d 368 (2nd Cir. 1993). Thereafter, on motion of the defendants, McIntire's action, and others, were severed and transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Kansas.

On December 5, 1994, McIntire filed an amended complaint in the United States District Court for the District of Kansas in which she added Honeywell, Inc. as an additional defendant, alleging that the keyboard used by her bearing the name of Apertus' predecessor was in fact manufactured by Honeywell, Inc. On January 3, 1995, AT&T moved for summary judgment, alleging that McIntire's claims were time-barred by both the New York and Kansas statutes of limitations. On January 20, 1995, Apertus filed an answer to McIntire's amended complaint wherein it alleged, *inter alia,* that McIntire's claims were time-barred. On February 3, 1995, Apertus filed a motion for summary judgment. On February 6, 1995, McIntire filed a memorandum in opposition to AT&T's motion for summary judgment. On February 6, 1995, Honeywell filed an answer to

McIntire's amended complaint, alleging, *inter alia,* that the Kansas statute of limitations barred her action.   On March 7, 1995, Honeywell, Inc. filed a motion for summary judgment based on both the Kansas and New York statutes of limitations.

On February 10, 1995, McIntire filed a second amended complaint against Apertus, AT&T, and Honeywell, Inc.  In that complaint she alleged, *inter alia,* that "[c]ommencing at the time of [her] initial employment [in 1980 with Southwestern Bell Telephone Company] and continuing thereafter while engaged in the operation of said machines in the manner they were intended to be used, the Plaintiff began to experience numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck, torso and back with additional new symptoms thereafter."

On March 15, 1995, after much discovery, the district court granted summary judgment in favor of Apertus and AT&T, holding that McIntire's claims were time-barred under both the Kansas and New York statutes of limitations.  Specifically, the district court stated that the "evidence in the present action establishes that the plaintiff was aware of the onset of her injuries more than three years prior to the filing of the present action, and that she associated these injuries with her work."  A motion to reconsider was denied on April 26, 1995.  On that same date, the district court granted summary judgment on statute of limitations grounds in favor of Honeywell, Inc.  McIntire filed a timely notice of appeal.

As indicated, McIntire was a citizen and resident of Kansas, and her injury

occurred in the State of Kansas. Suit was brought, however, in the United States District Court for the Eastern District of New York, but was later transferred to the United States District Court for the District of Kansas. When applying the New York statute of limitations to an action arising outside of the state, the first step is to refer to New York's "borrowing statute." *See* N.Y. Civ. Prac. L & R § 202 (McKinney 1990). That statute provides as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

The parties agree that if McIntire's cause of action is barred by either New York's statute of limitations (three years) or the Kansas statute of limitations (two years), then her claims are time-barred. As stated, the district court held that McIntire's claims were time-barred by both the Kansas statute of limitations and the New York statute of limitations.

As concerns the Kansas statute of limitations, counsel for McIntire states in their brief that "[i]f defendants need only show under Kansas law that plaintiff knew she was injured through use of her keyboard more than two years prior to the filing of the Complaint, then defendants may have been entitled to summary judgment." However, counsel asserts such is not the test, and that under Kansas law the true test is whether the injured party knew, or could reasonably have been expected to know, "of the alleged

- 5 -

negligence of defendants in designing their keyboards and in failing to warn plaintiff."  In thus arguing, counsel relies on *Gilger v. Lee Constr., Inc.*, 820 P.2d 390 (Kansas 1991).  In this connection McIntire apparently filed an affidavit in which she stated that she did not know of possible negligent design of the equipment manufactured by the defendants until shortly before she filed her complaint.

This same argument, i.e. that the injured party did not know until shortly before filing the complaint that the defendants were negligent in the design of their keyboards, was  recently considered, and rejected, by us in *Benne v. International Business Machines Corp.,* 87 F.3d 419 (10th Cir. 1996).  Like the instant case, *Benne* was a repetitive stress product liability case involving a Kansas citizen and resident who allegedly incurred injuries from keyboard equipment while employed in Kansas.  Benne, too, brought her action in the United States District Court for the Eastern District of New York, but her case was later transferred to the United States District Court for the District of Kansas, which court granted summary judgment for the defendants, holding that the complaint was filed outside both the Kansas and New York statutes of limitation.

On appeal, Benne argued that *Gilger* should lead to a reversal in her case because "she did not realize the keyboards had been negligently designed until 1992," which was within the Kansas two year statute of limitations.  In *Benne*, we rejected that argument, and affirmed the grant of summary judgment.

In *Benne,* we held that under the New York "borrowing statute" the plaintiff's

claims "must have been timely under both the limitations periods of New York and Kansas" if her claims were to "survive the Defendants' motion for summary judgment." The two-year statute of limitations contained in K.S.A. 60-513 provides in subsection (b) as follows:

> Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party . . . .

In B*enne,* the plaintiff interpreted language in *Gilger, supra,* and its predecessor, *Hecht v. First Nat'l. Bank & Trust Co.,* 490 P.2d 649 (Kansas 1971), "as setting forth the rule that a plaintiff's knowledge of the cause of her injuries is irrelevant until she realizes that the designer of the product may have acted negligently." *Benne*, 87 F.3d at 426. In rejecting such an interpretation of *Gilger* and *Hecht,* we, in *Benne,* spoke as follows:

> We do not believe that the Kansas Supreme Court intended to establish the rule that a plaintiff could be fully aware of the cause of her injury, yet wait to bring a claim based upon negligent design some indeterminate time later when the plaintiff develops the thought that the defendant may have been negligent. Rather we believe the rule from Hecht is intended to give plaintiffs who suffer from latent or difficult to diagnose injuries the same advantages as those plaintiffs whose injuries are immediately connectible to their source.
>
> * * * * *
>
> Viewing the facts in the light most favorable to Benne, we conclude that she may not have become aware of the

> possibility that Defendants' negligence could have caused her injuries until as late as 1992, when she filed suit. Notwithstanding her lack of knowledge of the exact scientific nature of her injuries, until 1989, by as early as 1987, she knew her injury was associated with excessive typing on Defendants' keyboards. The statute of limitations commenced running at that time. Accordingly, Benne's claims should have been brought no later than 1989. We hold that the district court correctly concluded that Benne's cause of action was barred by the Kansas two-year statute of limitations.

As above stated, in her second amended complaint, McIntire alleged that she had experienced stress symptoms caused by her use of office machines manufactured by the defendants "[c]ommencing at the time of initial employment" with Southwestern Bell. McIntire also indicated in her complaint that she experienced additional symptoms in June 1990; and further, that in December 1990, she was diagnosed as having bilateral carpal tunnel syndrome. McIntire did not file suit until April 21, 1993, and accordingly her action is barred by two year Kansas statute of limitations.

Having concluded that McIntire's complaint was time-barred by the Kansas two year statute of limitations, we need not here consider whether McIntire's complaint was filed within New York's three year statute of limitations.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

- 8 -