**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICK MAKER,

     Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant-Appellee.

No. 97-6260
(D.C. No. 96-CV-558)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**[**] Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff filed suit to recover benefits under the uninsured motorist provision of his policy with defendant for injuries sustained in an automobile accident. After trial, the jury found damages in the amount of $11,000 and contributory negligence by plaintiff of 46%. Plaintiff moved for a new trial on the issue of damages. The district court denied the motion. Plaintiff appealed, arguing (1) the award of damages was inadequate and contrary to the evidence; and (2) the award of damages was based on incompetent, irrelevant, immaterial, irregular, and prejudicial evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review the district court's denial of a new trial for an abuse of discretion. See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1193 (10th Cir. 1997). Our focus is "on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1125 (10th Cir. 1995) (further quotation omitted).

Plaintiff first argues that he is entitled to a new trial on the issue of damages because the damages awarded were inadequate and contrary to the evidence presented. According to plaintiff, the jury verdict accounted only for medical expenses and failed to reflect an award for pain, suffering, disfigurement,

and permanent disability. Plaintiff also speculates that the jury wrongly considered his use of alcohol in determining the amount of damages.

In its order denying plaintiff's motion for new trial, the district court concluded that plaintiff failed to provide any evidence showing that the jury did not consider his pain and suffering or that the jury improperly considered his use of alcohol in determining the amount of damages. We agree.

Although plaintiff testified without objection that his medical expenses totaled $11,030.20, some of the medical expense exhibits were difficult to read. Indeed, the jury sent a note to the judge indicating that it could not read the bills provided.[1] Based on the uncertainty of the exhibits, the jury, as fact finder, reasonably could have decided that the amount of medical expenses were less than plaintiff had stated. See Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1430 (10th Cir. 1990) ("[I]t is the sole province of the jury to appraise credibility, draw inferences, determine the weight to be given testimony and to resolve conflicts in the facts."). Thus, the jury's general verdict reasonably could have included pain, suffering, disfigurement, and permanent impairment. See Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1100 (3d Cir. 1995) (where jury returns

---

[1]    Nothing in the parties briefs or appendices indicates how the district court responded to the note.

general verdict, "[t]he law presumes the existence of fact findings implied from the jury's having reached that verdict") (further quotation omitted).

Plaintiff fails to provide any evidence to the contrary. Likewise, he provides no evidence showing the jury improperly considered his use of alcohol in reaching its verdict. Accordingly, we conclude plaintiff failed to show the amount of damages was inadequate or contrary to the evidence.

Next, plaintiff argues that the district court improperly admitted the results of a blood alcohol test, which he describes as incompetent, irrelevant, immaterial, irregular, and prejudicial. Plaintiff maintains this evidence was admitted without any foundation.

This court gives deference to the district court's evidentiary rulings, reviewing for an abuse of discretion. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995); see also Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1529 (10th Cir. 1997) (stating that sufficiency of foundation is matter within district court's discretion). "In reviewing a court's determination for abuse of discretion, we will not disturb the determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." Cartier, 59 F.3d at 1048.

Our review is hampered by plaintiff's failure to provide us with a complete record on this issue. While plaintiff apparently had objected to the admission of the test results as a general matter, nothing in the appendices indicates that plaintiff specifically objected to the foundation for the blood alcohol test results. See Appellee's Supp. App. tab 5 (plaintiff does not object to district court's ruling that defendant need not call witness to identify Oklahoma State Bureau of Investigation blood alcohol records). The district court stated in its order denying plaintiff's motion for a new trial that the issue of admission of the blood tests was thoroughly briefed by the parties before trial and the court ruled on the issue. The briefs, the district court's ruling, and the motion for new trial, however, were not included in the appendices. Without an adequate record, we are not inclined to decide the district court abused its discretion. See Roberts v. Roadway Express, Inc., Nos. 96-1554, 97-1093, 1998 WL 352629, at *4 (10th Cir. July 2, 1998).

In any event, from the portions of the record we do have, it appears that the blood alcohol test results were relevant, and that any prejudice did not substantially outweigh the relevance. See Crane v. Mekelburg, 728 F.2d 439, 442 (10th Cir. 1984). The record contained much other evidence, including plaintiff's own testimony, that he had been under the influence of alcohol at the time of the accident. The jury had the opportunity to judge the credibility and weight of all of this evidence in reaching its verdict. See Dugan, 915 F.2d at 1430. If there

-5-

were any foundation problems, they were cured by the testimony of the officer who received the test results.  See Appellee's Supp. App. tab 6; see also Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1332-33 (10th Cir. 1984) (foundation problems cured by testimony of witness with knowledge); Crane, 728 F.2d at 441-42 (sufficient evidence to support finding that blood alcohol concentration report was what defendant claimed it to be).  The district court did not abuse its discretion in admitting the blood alcohol test.

We conclude the district court did not abuse its discretion in denying plaintiff's motion for a new trial.  Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge